Parker, C. J.
By the laws of Maryland, recited in the defendants’ pleas in bar, it is made a condition of the discharge of an insolvent debtor, under those laws, that he should by deed convey all his property and effects to the trustee, to the use of his creditors. The replication to the † second plea avers that the defendant Poor was seised of two estates in Boston, in right of his wife, which he had not conveyed to the trustee; and this is admitted by the demurrer.† The legal conclusion is, that he has not complied with the .terms of the laws of which he claims the benefit; so that his discharge is no bar to the action.
The estate of which Poor was seised, in right of his wife, was certainly property to be surrendered by him, within the meaning of those laws. If it was not, then it remained his property to be taken by any of his creditors living here; for they certainly would not be bound by a law of Maryland which should permit a debtor to keep any of his property, and yet be discharged from his debts.
The third plea is no bar to the action ; for the acts set out in it do not discharge the debt, but merely exempt the person and present estate from the effects of a judgment. And we do not think it necessary that the plaintiff should reply an acquisition of property in the manner prescribed in the acts, or that he should make such an averment in his declaration, to eniitle him to recover. For, admitting the full effect of the laws, the plaintiff would be entitled *377 to judgment for his debt; and the exemption can only operate upon the execution.
But there is a general objection, which is conclusive against the defence set up in this case. These acts are no otherwise binding upon the citizens of this state, than on the principle of comity; which is never held to apply when the law insisted on, in defence, is injurious to the rights of the citizens of the state where the action is brought. It appears that the plaintiff, a citizen of this commonwealth, had, under its laws, acquired a lien upon the estate of his debtor in Boston, before the proceedings were instituted undei these insolvent laws. We ought not, by giving validity to the defence set up, to deprive him of that lien. * And indeed we lay it down as a principle, to be applied in all cases, where the debtor of a citizen of this state shall attempt to discharge himself from an action under the insolvent laws of another state, that, where the suit shall have been commenced here before application is made for the benefit of such laws, a plea of discharge under them cannot avail. When the laws of this commonwealth have been resorted to for the enforcement of a debt, it is not admissible that the debtor should commence proceedings in another state to avoid the process here, and bring a discharge, obtained without the consent of his creditor, to stop the course of justice.
The principle assumed by us, in this case, is similar to that which was recognized by Lord Mansfield and the Court of King’s Bench, in the case of Be Chevalier vs. Lynch, Assignee of Dormer, Doug. 170. There the assignee brought his action to recover a debt due from Lynch to the bankrupt. A creditor of the bankrupt had attached the debt in the hands of Lynch, in the Island of St. Christopher. Lynch applied for a rule to show cause why the trial should not be put off, until he could get evidence from St. Christo pher that the debt was attached in his hands ; and after objection, the rule was made absolute—Lord Mansfield saying that if, after bankruptcy, and before payment to the assignees, money owing to the bankrupt out of England is attached, bona fide, by regular process, according to the laws of the place, the assignees, in such case, cannot recover the debt.

Per Curiam.

The replication to the second plea in bar is good ; and the third plea in bar is bad. (a)

 It seemed to be conceded in the argument, that the conveyance to the trustee was sufficiently comprehensive to include the estates in Boston ; but that the deed had no! been registered here, which was necessary to its operating on those estates.

 Braynard vs. Marshall, 8 Pick. 97. — Watson vs. Bourne, 10 Mass. Rep. 337 3d ed., and the cases cited in the note. — 2 Kent's Comm. 393,2d ed.; and see Phillips vs. Allen, 8 B. & Cr. 477. — Baker vs. Wheaton, 5 Mass. Rep. 509.— Hall & Al. vs. Williams, 6 Pick. 232.— Clay vs. Smith, 3 Peters, S. C. R. 411. — Story's Comm, on the Const. U. S. A., book 3, c. 34, § 13, 84. The ground on which the case in the text is to be sustained is, that a state insolvent law does not apply to contracts made within the state, between a citizen of that state and a citizen of another state. Thi* *378 is much more plain and intelligible than the reasons assigned by the Court, some of which, to say the least, are questionable. The ground on which the case of Le Chev alter vs. Lynch was decided, seems not to have been clearly understood. It was this, that, where a debtor had paid money under a due process of local law, he shall not be compelled to pay it over again; and therefore, though the creditor attaching the effects abroad was liable to the assignees of the bankrupt, yet the garnishee, of whom the debt had been recovered, was not compellable to pay it over again. — Eden on Bankruptcy, 346. — 1 Deac. 401, 742.