SARAH A. RICHARDSON, administratrix, *vs.* NEW YORK CENTRAL
RAILROAD COMPANY.

An administrator appointed in this state cannot maintain an action here on the statute of
another state which gives to the personal representatives of a person killed by wrongful
act, neglect, or default, a right to maintain an action for damages in respect thereof,
notwithstanding the death, against the person or corporation that would have been liable
if death had not ensued.

TORT for damages by reason of the death of the plaintiff's
intestate, through the alleged negligence of the defendants while
he was a passenger on their railroad in New York, on Decem-
ber 31, 1865. Writ dated December 11, 1866. The declaration
alleged that the deceased was an inhabitant of Charlestown in
Massachusetts; that letters of administration on his estate were
duly issued to the plaintiff on January 9, 1866, by the judge of
probate for Middlesex; and that the plaintiff's right of action
accrued by virtue of the act of the legislature of New York,
passed December 13, 1847, and amended April 7, 1849, which
is printed in the margin.* See N. Y. Sts. 1847, *c.* 450; 1849,
*c.* 256; 4 N. Y. Sts. at Large, (Edmonds's ed.) 526, 527.

---

* The first section of the act of the legislature of New York, entitled "An
Act requiring compensation for causing death by wrongful act, neglect, or de-
fault," passed December 13, 1847, is as follows:

"Whenever the death of a person shall be caused by wrongful act, neg-
lect, or default, and the act, neglect, or default is such as would (if death
had not ensued) have entitled the party injured to maintain an action and
recover damages in respect thereof, then, and in every such case, the person
who, or the corporation which would have been liable, if death had not ensued,
shall be liable to an action for damages, notwithstanding the death of the person
injured, and although the death shall have been caused under such circumstances
as amount in law to felony."

The second section, as amended on April 7, 1849, is as follows:

"Every such action shall be brought by and in the names of the personal
representatives of such deceased person; and the amount recovered in every
such action, shall be for the exclusive benefit of the widow and next of kin
of such deceased person, and shall be distributed to such widow and next of
kin in the proportion provided by law in relation to the distribution of personal
property left by persons dying intestate; and, in every such action, the jury may

Richardson, administratrix, *v.* New York Central Railroad Company.

The defendants demurred, for the reason, among others, that " no action can be maintained in this state, by the plaintiff, under or by reason of any statute law of the state of New York ; " and the case was reserved for determination by the full court.

*G. O. Shattuck & O. W. Holmes, Jr.,* for the plaintiff. The plaintiff seeks to recover in this court, on the New York statute, on the ground that it vested a right in the widow and distributees from the moment of the husband's death and was intended to designate a trustee in whatever jurisdiction the beneficiaries might be ; and that this court, when it recognizes the right, will recognize the trustee provided to enforce it, unless some cause be shown to the contrary.

1. Actions of tort are transitory, and, even when arising from positive statute in one jurisdiction, may be brought in another. *Madrazo* v. *Willes,* 3 B. & Ald. 353. *Shipp* v. *McCraw,* 3 Murphy, 463. *Wall* v. *Hoskins,* 5 Ired. 177, 179. *Stout* v. *Wood,* 1 Blackf. 71. Westlake on Private International Law, § 240. Story Confl. Laws, §§ 307 d, 326, 558. 1 Smith Lead. Cas. (6th Am. ed.) 765, 785, 791.

2. The New York statute gave a new right, and did not look only to the remedy. *Whitford* v. *Panama Railroad Co.* 23 N. Y. 465, 478. *Safford* v. *Drew,* 3 Duer, 627, 633, 640. *Blake* v. *Midland Railway Co.* 18 Q. B. 93, 110. This right vested in the

---

give such damages as they shall deem a fair and just compensation, not exceeding five thousand dollars, with reference to the pecuniary injuries resulting from such death, to the wife and next of kin of such deceased person : provided that every such action shall be commenced within two years after the death of such person ; but nothing herein contained shall affect any suit or proceeding heretofore commenced, and now pending in any of the courts of this state."

And, in the amendatory act of April 7, 1849, the following section was added :

" Every agent, engineer, conductor, or other person in the employ of such company, or persons through whose wrongful act, neglect, or default, the death of a person shall have been caused, as aforesaid, shall be liable to be indicted therefor ; and, upon conviction thereof, may be sentenced to a state prison for a term not exceeding five years, or in a county jail, not exceeding one year, or to pay a fine not exceeding two hundred and fifty dollars, or both such fine and imprisonment."

widow and next of kin from the moment of the death, as much as if conferred on them *nominatim.* The widow could assign her right before action brought. *Quin* v. *Moore,* 15 N. Y. 432, 435. *Whitford* v. *Panama Railroad Co.* 23 N. Y. 470. *Yertore* v. *Wiswall,* 16 How. Pract. R. 8, 12, 15. *Doedt* v. *Wiswall,* 15 How. Pract. R. 128, 143. But, after imposing an absolute liability on the defendants, and giving vested rights to the widow and next of kin, the statute enacted that these rights should be enforced by the administratrix, leaving the form of action to the general law. Were no trustee provided, the widow and next of kin could bring their action here.

3. As to the question whether the New York statute intended to designate a trustee, the words are wide enough to let in this plaintiff, for, to a certain extent, the personal representatives of the domicil are recognized everywhere. *Hutchins* v. *State Bank,* 12 Met. 421. *Doolittle* v. *Lewis,* 7 Johns. Ch. 45, 47. *Vroom* v. *Van Horne,* 10 Paige, 549. If it is objected that the bond of this administratrix does not extend to this case, no more does it to a recovery on our own statutes *in pari materiâ.* By them, the amount recovered is a penalty which is " conferred on the widow and next of kin as a gratuity from the Commonwealth." *Carey* v. *Berkshire Railroad Co.* 1 Cush. 475, 480. It does not therefore come from the husband. An executor's bond here is only conditioned for the distribution of the testator's assets; Gen. Sts. *c.* 93, § 2; and an administrator's, though more ambiguous, has no greater extent. Gen. Sts. *c.* 94, § 2. Yet can it be doubted that an administrator would be compelled to distribute the amount received by him in such a case ? Not on his bond, to be sure, nor in his capacity of administrator, but as trustee for certain designated *cestuis que trust.* By N. Y. Rev. Sts. part 2, *c.* 6, tit. 2, § 42, 2 N. Y. Sts. at Large, 77, the condition of the bond there given by an administrator is for the faithful execution of the trust of administration proper, as is shown by the penalty, which is not less than twice the value of the personal estate of which the deceased died possessed. And so the statute is interpreted by the New York courts. *Halsted* v. *Hyman,* 3 Bradford, 426, 428. Moreover, by §§ 27, 31,

the principal administratrix may go to New York and get ancillary letters *de jure*, and compel payment there. She could then return to this state before having distributed the amount received, and there would be no remedy against her in the New York courts on her bond there. *Caujolle* v. *Ferrié*, 23 N. Y. 90, 94. *Parsons* v. *Lyman*, 20 N. Y. 103, 121. But our court would certainly compel her to distribute the amount recovered. In a case like the present, when the distributees live here, the distribution would probably take place here. *Low* v. *Bartlett*, 8 Allen, 259, 266. Can the New York statute have intended, when both parties are before this court, when the legal certainty of the plaintiff's recovery is shown, and when this court must ultimately enforce distribution, if it is to be enforced at all, to put the plaintiff to obtaining circuitously what can be recovered directly without the least injustice to the defendants ?

4. As to the question whether our courts will respect such a designation of a trustee, undoubtedly this statute cannot confer a right on a Massachusetts administratrix to sue in our courts *proprio vigore*, but no more can it so confer a right here of any sort. Yet when the courts recognize and enforce rights conferred by foreign laws, what is it but allowing foreign laws to give a right to sue in our courts? The provision that the suit shall be brought by the personal representatives makes them trustees, that is to say, confers a legal right. *Yertore* v. *Wiswall, ubi supra.* The principles of *Erickson* v. *Nesmith*, 4 Allen, 233, do not apply to this case, for the defendants would be discharged by payment here. If the widow and distributees can assign, they can discharge. *Quin* v. *Moore, ubi supra.*

5. There are no objections of policy to maintaining this action ; neither as to the persons of the plaintiff and her deceased , *Roberts* v. *Knights*, 7 Allen, 449; *Johnson* v. *Dalton*, 1 Cowen, 543; nor as to the right conferred, for we have similar laws Gen. Sts. *c.* 63, §§ 97, 98; *c.* 160, § 34; St. 1864, *c.* 229, § 37 St. 1867, *c.* 164. The New York statute is not a penal statute. The damages are proportional to the pecuniary loss of the widow and next of kin, not to the negligence of the defendant. *Quin* v. *Moore, ubi supra. Carey* v. *Berkshire Railroad Co., ubi supra.*

*Blake* v. *Midland Railway Co., ubi supra.*    *Tilley* v. *Hudson River Railroad Co.* 24 N. Y. 471, 480.   It has been repeatedly intimated by the New York courts that an action could be maintained there on a foreign statute similar to their own. *Whitford* v. *Panama Railroad Co., ubi supra* ; *S. C.* 3 Bosw. 67, 71, 83.   *Beach* v. *Bay State Steamboat Co.* 30 Barb. 433, 436. *Vandeventer* v. *New York & New Haven Railroad Co.* 27 Barb. 244.   Our courts will regard the view of the New York courts as final upon the character of the statute.    *Halsey* v. *McLean,* 12 Allen, 438, 441.

*E. Merwin,* for the defendants.

HOAR, J.   The court are all of opinion that this action cannot be maintained, and that the demurrer must prevail.

There is great difficulty in ascertaining what cause of action this plaintiff has against the defendants, or how she acquired any. By the common law, and by the laws of this Commonwealth, no action could be brought against the railroad company for negligently causing the death of the plaintiff's intestate.   This is conceded ; and the plaintiff rests her case wholly on the statute of New York.   If this be a penal statute, it cannot be enforced beyond the territory in and for which it was enacted. If it gives a new and peculiar system of remedy, by which rights of action are transferred from one person to another in a mode which the common law does not recognize, and which is not in conformity with the laws or practice of this Commonwealth, there is an equally insuperable objection to pursuing such a remedy in our courts.

The plaintiff's counsel, in their ingenious and impressive argument, being apparently fully aware of the difficulties of the case, have placed their claim to recover upon the ground that the statute of New York vested a right of property in the widow and her children at the moment of the husband's death, and designated a trustee to receive and enforce this right, whose capacity to sue will be sustained in any forum.

The right of property which the statute defines is of a very peculiar nature.   In the first place, the act or default which caused the death must be such as would, if death had not

ensued, have entitled the party injured to an action to recover damages in respect thereof. This the statute makes requisite to give the personal representative an action for damages, and it would thus seem that the action was designed to be for the purpose of compensating the injury to the deceased. But we next find that the compensation is not to go to the personal representative of the deceased, to be disposed of as other property or rights of property belonging to the deceased. It is not to be applied in payment of his debts, nor is it subject to the provisions of his will. It is not the injury to the deceased which is to be estimated at all. The whole amount is not to exceed five thousand dollars; and, with that limitation, the jury may give such damages as they shall deem a fair and just compensation, with reference to the pecuniary injuries resulting from such death, to the wife and next of kin of such deceased person. The damages, therefore, are to be for the pecuniary injuries to the wife and next of kin. But, when the pecuniary interests of the wife and next of kin in the death have been ascertained, the sum recovered on this basis is not to be paid over to these several parties in proportion to their respective pecuniary interests thus determined or regarded, but is to be distributed to them in the proportion provided by laws for the distribution of intestate personal property. If we take some one of the next of kin, therefore, it may follow that, because the defendants caused by negligence the death of the plaintiff's intestate, this person may recover by virtue of the statute, through the plaintiff as administratrix, a sum of money which has no relation to the extent of the injury done to the deceased; and no relation to the extent of the injury done to the person who is to receive it. If the jury should deem three thousand dollars a fair and just compensation for the pecuniary injury resulting to the wife, and one thousand dollars to one of the next of kin, and five hundred dollars to another, and should be of opinion that there was no pecuniary injury to the others of the next of kin, from the death, they would assess as damages four thousand five hundred dollars· and this the plaintiff would be bound to distribute according to the statute of distributions, which makes no reference to the

pecuniary interest of the distributee in the death. In the language of Mr. Justice Denio, " these statutes have introduced a principle wholly unknown to the common law, namely, that the value of a man's life to his wife or next of kin constitutes, with a certain limitation as to amount, a part of his estate, which he leaves behind him to be administered by his personal representatives;" and "though the action can be maintained only in the cases in which it could have been brought by the deceased if he had survived, the damages nevertheless are given upon different principles, and for different causes." *Whitford* v. *Panama Railroad Co.* 23 N. Y. 468.

If we understand that the limitation of the defendants' responsibility to cases in which the deceased would have had a right of action if he had survived, is not intended to make his right of action survive to his representatives, but is only meant to define and describe the cases in which the right of property and of action is recognized in the widow or next of kin, we have still the question to meet, How can that be regarded as any thing else than a statute penalty, which the personal representative of the deceased is to recover by an action; which is limited in amount, although that amount may be much less than the extent of the injury sustained by those whose loss is to be estimated in computing it; and which is to be distributed among the parties entitled to receive it, not in proportion to the injuries which they have respectively sustained, but in proportion to the shares to which they would be severally entitled in the distribution of an intestate estate? We do not readily find a satisfactory answer to this question. But a complete and decisive objection to the maintenance of the action by this plaintiff remains.

The plaintiff is the administratrix appointed under the law of Massachusetts Her right to sue in this Commonwealth, in her representative capacity, is upon causes of action which accrued to her intestate, or which grow out of his rights of property, or those of his creditors. The remedy which the statute of New York gives to the personal representatives of the deceased, as trustees of a right of property in the widow and

next of kin, is not of such a nature that it can be imparted to a Massachusetts executor or administrator, *virtute officii*, so as to give him the right to sue in our courts, and to transmit the right of action from one person to another in connection with the representation of the deceased. The only construction which the statute can receive is, that it confers certain new and peculiar powers upon the personal representative in New York. The administrator in Massachusetts is in privity with the New York administrator only to the extent which our laws recognize. A succession in the right of action, not existing by the common law, cannot be prescribed by the laws of one state to the tribunals of another. It is upon this principle that the negotiability of contracts, and whether an assignee can maintain an action in his own name, is held to be determined by the *lex fori*, and not by the *lex loci contractus;* a matter not of right, but of remedy. *McRae* v. *Mattoon*, 10 Pick. 49. *Warren* v. *Copelin*, 4 Met. 594. *Foss* v. *Nutting*, 14 Gray, 484, and cases cited.

For the reason, therefore, that the right of action which the New York statute gives to the personal representative of the deceased in that state is not a right of property passing as assets of the deceased, but is a specific power to sue created by their local law, it does not pass to the plaintiff as administratrix in Massachusetts, and this suit cannot be maintained by her.

*Demurrer sustained.*[*]

---

[*] The case of *Woodard* v. *Michigan Southern and Northern Indiana Railroad Company*, 10 Ohio State, 121, which was an action on the statute of Illinois by an administrator appointed in Ohio, was decided on grounds similar to those of the foregoing decision ; though it is to be observed that in that case the deceased was a servant of the railroad company, and the collision which killed him was caused by the negligence of other servants of the same, and there was no allegation that under such circumstances an action would lie in Illinois, the statute giving the action only when the default, &c. " is such as would, if death had not ensued, have entitled the party injured to maintain an action," &c.