## SUPREME COURT.

Ann Stallknecht, as administratrix, agt. The Pennsylvania Railroad Company.

*Negligence — Complaint — Demurrer.*

The rule seems to be that causes of action for damages, such as are given by our statutes (*Laws of* 1847 *and* 1849) to the personal representative of a deceased person, whose death was caused by culpable negligence, are not recognized by the common law, and that statutes of any particular state giving such rights of action have no extra territorial jurisdiction.

But causes of action of this character, arising under statutes of one state, may be enforced in another state, provided it is made to appear that the maintenance of such causes of action is in conformity with the policy of the state in which the action is brought, and are recognized by the laws of that state.

Where the complaint sets forth the following facts, viz.: That defendant is a corporation of the state of Pennsylvania, and the owner of the Pennsylvania railroad, &c.; that plaintiff's intestate was in the employment of defendants, as brakeman on a freight train, at the time of the accident which caused his death; that the death was caused by negligence, &c., of defendants, and without any fault of plaintiff's intestate; that the collision occurred in the state of New Jersey; then sets out a statute of the state of New Jersey, and alleges that it was part of the law of New Jersey, at the time of the occurrence of the grievances complained of by plaintiff, and under which plaintiff claims the right to recover in this action; that plaintiff was duly appointed administratrix, &c., and that her intestate left surviving the plaintiff, his widow, and three minor children, who were dependent upon him for support, and sustained pecuniary injury by his death to plaintiff's damage, naming the amount:

*Held,* on demurrer to the complaint, that it appears, from the allegations in the complaint, that the act of New Jersey is in entire consonance with the policy of the state of New York, as declared by its acts of 1847 and 1849, and that the complaint stated facts sufficient to constitute a cause of action.

*Special Term, May,* 1877.

Stallknecht agt. Pennsylvania Railroad Company.

THE complaint in this action alleged as follows:

First. That the defendant is a corporation of the state of Pennsylvania, and owner of the Pennsylvania railroad, with its tracks, cars, locomotives and other appurtenances.

Second. That on or about the 6th day of April, 1875, one Charles Stallknecht was in defendant's employment as brakeman on a freight train, the property of defendant, which was propelled by steam on the defendant's railroad.

Third. That by the negligence or unskillful conduct of the defendant, its servants or agents, in the management of said train, and by defendant's default in not keeping its track in proper condition and clear of obstacles, and without fault on the part of the said Charles Stallknecht, " the said train of cars, while proceeding from Jersey City to Millstone, both in the county of Hudson and state of New Jersey, came into collision with another train of cars of the defendant's, on its said railroad, and the said Charles Stallknecht was thereby killed."

The complaint then sets out a statute of the state of New Jersey, passed March 3, 1848, which, it is alleged, was part of the law of the state of New Jersey at the time of the occurrence of the grievances complained of by the plaintiff, and under which the plaintiff claims the right to recover in this action.

The said statute is as follows:

"An act to provide for the recovery of damages in cases where the death of a person is caused by wrongful act, neglect or default.

" 1. Be it enacted by the senate and general assembly of the state of New Jersey, that whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured,

Stallknecht agt. Pennsylvania Railroad Company.

and although the death shall have been caused under such circumstances as amount in law to a felony.

" 2. And be it enacted, that every such action shall be brought by and in the names of the personal representatives of such deceased person ; and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportions provided by law in relation to the distribution of personal property left by persons dying intestate ; and in every such action the jury may give such damages as they shall deem fair and just, with reference to the pecuniary injury resulting from such death to the wife and next of kin of such deceased person ; *provided*, that every such action shall be commenced within twelve calendar months after the death of such deceased person.

" 3. And be it enacted, that on the request by the defendant, or the defendant's attorney, the plaintiff on the record shall be required to deliver to the defendant, or to the defendant's attorney, a particular account in writing of the nature of the claim in respect to which damages shall be sought to be recovered.

" 4. And be it enacted, that this act shall take effect immediately.

"Approved March 3, 1848."

The complaint then alleges that the said Charles Stallknecht died intestate, and on the 23d day of September, 1875, letters of administration on his estate, dated on that day, were issued and granted to the plaintiff by the surrogate of the county of New York, and plaintiff thereupon qualified and entered upon the duties of her office as administratrix.

The complaint then alleges that Charles Stallknecht left surviving the plaintiff, his widow, and three minor children, who were dependent upon him for support, nurture and education, and sustained pecuniary injury by his death to plaintiff's damage in the sum of $30,000, for which she demands judgment, with costs.

The defendants have demurred to this complaint upon the ground that the same does not state facts sufficient to constitute a cause of action.

*Messrs. Robinson & Scribner*, for the demurrer.

*Mr. William O. Bartlett*, in opposition.

VAN BRUNT, *J.*— The only difficulty which I have in the disposition of this case is the opinion of Mr. justice SHIPMAN in a case of exactly parallel character, in which he has decided that an action of this nature cannot be maintained. An examination of his opinion will show that his conclusion was founded upon the cases of *Whitford* agt. *Panama Railroad Company* (23 *N. Y.*, 465); *Richard* agt. *New York Central Railroad Company* (98 *Mass.*, 85); and *Woodard* agt. *Michigan Southern and Northern Indiana Railroad Company* (10 *Ohio State*, 121). The question in the case of *Whitford* agt. *Panama Railroad Company*, was whether an action could be maintained in the courts of this state for damages resulting from a death caused by the culpable negligence of the defendants while operating their railroad in New Grenada. The plaintiff in that case sought to recover solely by virtue of the "acts" of the state of New York, passed in 1847 and 1849, and the court decided that those acts did not apply where the injury was not committed in this state, but in a foreign country. No cause of action, such as was given by the act in question, was known to the common law, and neither was any given by the laws of New Grenada. The court, in that case, however, says that, "whatever liability the defendants incurred by the laws of New Grenada might well be enforced in the courts of this state. The defendant is a domestic corporation, being readily compellable to answer here. But the rule of decision would still be the law of New Grenada, which the court and jury must be made acquainted with by the proof exhibited before them." In another place the court clearly say, that if a statute similar to ours had

Stallknecht agt. Pennsylvania Railroad Company.

existed in New Grenada the action could have been main-
tained.

It is true that these suggestions, made in the opinion of the
learned justice, who wrote the opinion in the court of appeals,
in the case of *Whitford* agt. *Panama Railroad Company*
(*supra*), were not necessary to the decision of that case, yet
I think they throw considerable light upon the theory upon
which all these cases are decided.

The case of *Richardson* agt. *New York Central Railroad
Company*, decides that an administrator appointed in Massachu-
setts cannot maintain an action in that state on the statute of
another state which gives to the personal representative of a
person killed by the wrongful act, &c., a right to maintain an
action for damages in respect thereof.

An examination of that case will show that the decision
was based upon the ground that the statute of New York
gives a new and peculiar system of remedy by which rights
of action are transferred from one person to another in a
mode which the common law does not recognize and which
is not in conformity with laws or practice of Massachusetts.

The court use this language: " The only construction which
the statute can receive is, that it confers certain new and
peculiar powers upon the personal representatives in New
York. The administrator in Massachusetts is in privity with
the New York administrator only to the extent which our
laws recognized. A succession in the right of action not
existing by the common law, cannot be prescribed by the laws
of one state to the tribunals of another. It is upon this
principle that the negotiability of contracts, and whether an
assignee can maintain an action in his own name, is held to
be determined by the *lex fori*, and not by the *lex loci con-
tractus;* a matter not of right but of remedy."

It seems to me that the reasoning of this case clearly indi-
cates that if the law of Massachusetts had given the same
succession in the right of action to the personal representa-
tives for damages resulting from the death of a person killed

by wrongful act, &c., as was given by the state of New York, a different decision would have been arrived at, because the decision which was rendered was based upon the ground that an administrator could not enforce a remedy in the courts of Massachusetts, which the common law did not recognize, and which was in conflict to the law and practice of that state.

' The case in Ohio was decided upon precisely similar grounds.

It appears from the allegations in the complaint in this action, that the act of New Jersey is in entire consonance with the policy of the state of New York, as declared by its acts of 1847 and. 1849. Such being the case, none of the reasoning of the Massachusetts and Ohio cases can , apply to the case at bar, but, upon the contrary, they expressly sustain the reasoning of judge DENIO, in the case above mentioned.

The rule, therefore, to be deduced from the cases above cited, seems to be this, that causes of action of the kind set forth in the complaint in this action, are not recognized by the common law, and that statutes of any particular state giving such rights of action, have no extra territorial jurisdiction; that causes of action of this character arising under statutes of one state, may be enforced in another state, provided it is made to appear that the maintenance of such causes of action is in conformity with the policy of the state in which the action is brought and are recognized by the laws of that state.

It follows, therefore, that the demurrer must be overruled, the defendants to have leave to answer upon payment of costs.