PATRICK HIGGINS *vs.* CENTRAL NEW ENGLAND AND WESTERN RAILROAD COMPANY.

Hampden.   September 24, 1891. — January 6, 1892.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Negligence — Loss of Life in another State — Survival of Action.*

An administrator, appointed in this State, whose intestate while domiciled here was instantly killed in Connecticut by the negligence of a railroad corporation, may maintain an action here against such corporation for causing his death on the statute of that State, (Gen. Sts. of Conn. of 1888, §§ 1008, 1009,) which provides that "all actions for injury to the person, whether the same do or do not instantaneously or otherwise result in death, . . . shall survive to his executor or administrator," and that "all damages for an injury resulting in death, recovered in an action brought by any executor or administrator, shall inure to the benefit of the husband or widow and heirs of the deceased person," and limits the amount of the recovery to a sum not exceeding five thousand dollars, although the incidents of the recovery here may differ from those of an action brought therefor in Connecticut.

TORT, by the administrator of the estate of James Higgins, for causing his death. The writ was dated June 28, 1891, and the

officer's return thereon disclosed an attachment of certain cars belonging to the defendant found in the possession of another railroad company at Northampton in this Commonwealth. The declaration alleged that the intestate was domiciled in Springfield in the county of Hampden in this Commonwealth; that the plaintiff was duly appointed the administrator of his estate by the judge of probate of that county, on February 11, 1891; that the defendant owned and operated a railroad extending from a point in the State of Connecticut into the State of New York; that on October 24, 1890, the intestate, while employed by the defendant as a freight brakeman and engaged in the discharge of his duty as such and in the exercise of due care, was instantly killed in a collision which occurred through the defendant's negligence; and that " thereby an action has accrued to the plaintiff, as administrator as aforesaid, to recover damages not exceeding five thousand dollars, by virtue of sections 1008 and 1009 of the General Statutes of the said State of Connecticut,* and he claims damages, as administrator aforesaid, under said

---

* These sections are as follows:

Section 1008.   " All actions for injury to the person, whether the same do or do not instantaneously or otherwise result in death, to the reputation, or to the property, and actions to recover damages for injury to the person of the wife, child, or servant of any person, shall survive to his executor or administrator; provided the cause of action shall not have arisen more than one year before the death of the deceased; but all damages for an injury resulting in death, recovered in an action brought by any executor or administrator, shall inure to the benefit of the husband or widow and heirs of the deceased person, after deducting the costs and expenses of suit, as follows: half to the husband or widow, and half to the lineal descendants of the deceased, *per stirpes;* but if there be no descendants, the whole shall go to the husband or widow, and if no husband or widow to the heirs, according to the law regulating the distribution of intestate personal estate."

Section 1009.   "In all actions by an executor or administrator for injuries resulting in death from negligence, such executor or administrator may recover from the party legally in fault for such injuries, just damages not exceeding five thousand dollars, to be distributed as is provided in the preceding section; provided, that no action shall be brought upon this statute but within one year after the neglect complained of; and provided further, that if suit for the injuries caused by such neglect shall be pending when the death occurs, and the executor or administrator of such deceased person shall enter and prosecute the same to final judgment, the damages recovered in such suit shall be distributed as provided in said section."

laws and statutes." The defendant demurred, for the reason, among others, that "the plaintiff cannot maintain an action in this Commonwealth under or by reason of sections 1008 and 1009 of the General Statutes of the State of Connecticut."

The Superior Court sustained the demurrer; and the plaintiff appealed to this court.

*W. G. Bassett & J. T. Keating*, for the plaintiff.

*T. M. Brown*, for the defendant.

BARKER, J. The plaintiff's intestate was domiciled in Massachusetts, where the plaintiff was appointed administrator. This being the principal administration, the plaintiff succeeded as well to every right of action of the deceased which survived as to his other personal property. Upon the question whether such an administrator takes a right of action by succession from his intestate, it is immaterial that the right arose under the statute of a foreign State, rather than under the common law or the statutes of this State; just as the fact that the intestate's chattels or merchandise had been acquired or were held under the statutes of a foreign State, rather than under the law of his domicil, is immaterial upon the question whether such merchandise or chattels pass to the administrator.

Such an administrator is entitled to the aid of our courts, if they have jurisdiction of the necessary parties, in collecting and reducing into money the property which he takes by succession, whether goods, chattels, or choses in action.

Suits brought to enforce rights of action which the deceased had, and which survived and passed from him to his administrator, differ essentially from those which this court refused to entertain in *Richardson* v. *New York Central Railroad*, 98 Mass. 85, and in *Davis* v. *New York & New England Railroad*, 143 Mass. 301. In Richardson's case an administrator appointed here sought to enforce in our courts a cause of action which his intestate never had, which had not passed to the administrator by succession, and which the statutes of another State had caused to spring up at the death of the intestate, and had provided might be brought by and in the names of his personal representatives, for the exclusive benefit of his widow and next of kin. In Davis's case the intestate had a right of action in his lifetime by the common law of the State of Connecticut, where he was

injured; but by the law of Connecticut his right of action did not survive, and was extinguished at his death, while a penal action created by statute was substituted for it in that State.

In the present case the plaintiff's intestate is alleged to have been instantly killed in Connecticut, by the defendant's negligence. It is conceded that the statute of that State makes the defendant liable to pay damages for the injury which caused his death. Can his administrator sue here to recover such damages? The Connecticut statute places in one category "all actions for injury to the person, whether the same do or do not instantaneously or otherwise result in death," and all actions "to the reputation, or to the property, and actions to recover damages for injury to the person of the wife, child, or servant of any person," and provides that all shall survive to the executor or administrator. Gen. Sts. of Conn. of 1888, § 1008. One evident purpose of this statute was to give to actions for injuries resulting in instantaneous death the same incidents as actions which survive have. It is grouped with actions which survive for other injuries to the person, and for injuries to reputation and to property, and all are said to survive. The putting in operation of the negligent or unlawful forces which cause an instantaneous death is a wrong to the person killed, which, by more or less of appreciable time, precedes his death. If the law of the country where such a wrong is committed gives to the person killed a right of action, and provides that it shall survive to his administrator, there is no difficulty in considering that the deceased had that right of action at the instant when he was *vivus et mortuus*, and that by express provisions of law it is made to survive and to pass to his administrator. This the statute referred to has plainly attempted to do. As was held in *Davis* v. *New York & New England Railroad, ubi supra*, it is the right of each State "to determine by its laws under what circumstances an injury to the person will afford a cause of action." Viewing this statute of Connecticut as a whole, it plainly puts such causes of action as the present upon the footing of personal actions which survive, and which are everywhere considered transitory; that is, they go with the person who has the right of action where he goes, and are enforceable in any forum according to its rules of procedure. If they survive, such actions, like other personal

estate, are considered to have s.tus in the place of domicil, and to pass to the administrator there appointed.  Viewing the causes of action with which the Connecticut statute deals in connection with the one now sued on, our own statutes of survivorship are similar.  There is, therefore, nothing in the nature of the cause of action as so far developed to prevent our courts from enter- taining it upon principles generally recognized.

Assuming that the cause of action is one not existing at the common law, but created by the statute of another State, we have seen that it is transitory, and that it survives and passes from the deceased to his administrator.  When an action is brought upon it here, the plaintiff is not met by any difficulty upon these points.  Whether our courts will entertain it depends upon the general principles which are to be applied in deter- mining the question whether actions founded upon the laws of other States shall be heard here.  These principles require that, in cases of other than penal actions, the foreign law, if not con- trary to our public policy, or to abstract justice or pure morals, or calculated to injure the State or its citizens, shall be recog- nized and enforced here, if we have jurisdiction of all necessary parties, and if we can see that, consistently with our own forms of procedure and law of trials, we can do substantial justice be- tween the parties.  If the foreign law is a penal statute, or if it offends our own policy, or is repugnant to justice or to good morals, or is calculated to injure this State or its citizens, or if we have not jurisdiction of parties who must be brought in to enable us to give a satisfactory remedy, or if under our forms of procedure an action here cannot give a substantial remedy, we are at liberty to decline jurisdiction.  *Blanchard* v. *Russell*, 13 Mass. 1, 6.  *Prentiss* v. *Savage*, 13 Mass. 20, 24.  *Ingraham* v. *Geyer*, 13 Mass. 146.  *Tappan* v. *Poor*, 15 Mass. 419.  *Zipcey* v. *Thompson*, 1 Gray, 243, 245.  *Erickson* v. *Nesmith*, 15 Gray, 221, and 4 Allen, 233, 236.  *Halsey* v. *McLean*, 12 Allen, 438, 443.  *New Haven Horse Nail Co.* v. *Linden Spring Co.* 142 Mass. 349, 353.  *Bank of North America* v. *Rindge*, 154 Mass. 203.

Applying these rules, we find no sufficient reason for declin- ing to entertain the present action.  Our own statutes have, in several instances, changed the policy of the common law, so as to allow damages for death occasioned by negligence.  Pub. Sts.

c. 52, § 17 ; c. 73, § 6 ; c. 112, § 212.   St. 1883, c. 243.   St. 1887, c. 270, § 2.   The right created by the Connecticut statute is in terms a right to recover "just damages."   Gen. Sts. of Conn. of 1888, § 1009.   Neither the fact that the statute creating it limits the amount of the recovery to a sum not exceeding five thousand dollars, nor that the damages are to be distributed to the husband, widow, heirs, or next of kin, makes it a penal action.   The effect of such provisions as to the distribution of the damages is to say that they shall not be assets for the payment of debts, and shall not pass by the will of the deceased, but shall be applied to the compensation of the persons who are presumed to have suffered the most by the death of the person injured.   Such a right is not unjust, nor contrary to good morals, nor calculated to injure the State or its citizens.   Our courts have jurisdiction of the necessary parties. · Looking at the statute creating the right of action as a part of the system of law in force in Connecticut, and considering that, if the action is to be prosecuted here, our rules of law regulating procedure, and fixing the elements which are to enter into the assessment of the damages, must govern the trial, it is probable that the result will not be exactly the same as if the remedy had been pursued in Connecticut.   But we see no such difficulty as to lead us to suppose that injustice may be done to the defendant, and none which ought to make us decline jurisdiction, if the plaintiff elects to sue here.

The statutes which create and limit the right of action are found in the provisions regulating civil actions in the courts of Connecticut, and are part of its general system of law.   By "the costs and expenses of suit," which, under § 1009, are to be deducted from the damages before they are distributed, were intended costs of suit allowed under Connecticut laws, and the expenses of the suit exclusive of such costs, these expenses, including those of trials not resulting in a verdict, are a constituent element of the "just damages" under the Connecticut system. The same system allows exemplary and vindictive damages. *Noyes* v. *Ward*, 19 Conn. 250.   *Beecher* v. *Derby Bridge & Ferry Co.* 24 Conn. 491, 497.   *Murphy* v. *New York & New Haven Railroad*, 29 Conn. 496, 499.   If, in the action prosecuted here, neither the expenses of the suit nor exemplary nor vindictive

damages can be recovered, that fact. is no hardship upon the defendant. There is no reason why the plaintiff may not be allowed to waive those elements of damage, by bringing his action in a forum where they cannot be allowed. It is also a part of the Connecticut system, that, upon the default of a defendant in such actions, the plaintiff has no right to have his damages assessed by a jury, and in practice the assessment is uniformly made by the court alone. Gen. Sts. of Conn. of 1888, § 1106. *Raymond* v. *Danbury & Norwalk Railroad*, 43 Conn. 596, 598. Upon such assessment in Connecticut, the defendant, to reduce the damages to a nominal sum, may show contributory negligence, or any matter which, if pleaded and proved in bar, would have defeated. the action. *Daily* v. *New York & New Haven Railroad*, 32 Conn. 356. *Carey* v. *Day*, 36 Conn. 152. But even if it appeared that the motive for bringing an action here was to insure an assessment of the damages by a jury, we cannot perceive in that a valid reason for declining to take jurisdiction.

It is to be noticed that, while the statute upon which the plaintiff founds his claim makes the cause of action one which accrued to the plaintiff's intestate in his lifetime, and provides that it shall survive and pass to his administrator, it does not say in terms that the damages shall or shall not be assets of the intestate estate, but provides that they shall be distributed in a way which may or may not be different from the disposition to be made under our law of the assets of the deceased to be administered. As this intestate was domiciled in Massachusetts, we are not to be taken as now deciding how any damages which the plaintiff may recover are to be here administered.

*Demurrer overruled.*