JOSEPH WALSH, administrator, *vs.* BOSTON AND MAINE
RAILROAD.

Barnstable.    January 14, 1909. — April 7, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Negligence,* Causing death, Liability under law of another State.    *Conflict of Laws.*
*New York.*

An administrator, appointed in this State, whose intestate while domiciled here
was instantly killed in New York by reason of the negligence of a railroad cor-
poration, may maintain an action here against such corporation under statutes
of the State of New York which provide that the administrator of one, who has
died leaving a husband, wife or next of kin surviving him, may maintain an ac-
tion to recover damages for a wrongful act, neglect or default of a person or
corporation by which the decedent's death was caused in any case where such
person or corporation would have been liable for the injury if the decedent had
survived, that the damages to be recovered are "exclusively for the benefit of
the decedent's husband or wife, and next of kin; and, when . . . collected, . . .
must be distributed . . . as if they were unbequeathed assets, left . . . after
payment of all debts, and expenses of administration. But the plaintiff may
deduct . . . expenses of the action, and his commissions . . . which must be
allowed by the surrogate, upon notice"; that "the damages awarded . . . may
be such a sum as the jury, on a writ of inquiry, or upon a trial, or, where issues
of fact are tried without a jury, the court or the referee deems to be a fair and
just compensation for the pecuniary injuries, resulting from the decedent's death,
to the person or persons, for whose benefit the action is brought"; that interest
shall be awarded upon the damages so assessed from the decedent's death, and
that "the inquisition, verdict, report, or decision, may specify the day from
which interest is to be computed."

TORT. Writ in the Superior Court for the county of Barn-
stable dated November 15, 1907.

The material portions of the declaration were as follows, a
copy of the sections of the statute set out in the opinion being
annexed thereto :

" And the plaintiff says he is the administrator of the estate
of Lottie M. Mitchell, late of Falmouth, in the County of Barn-
stable, in this Commonwealth, deceased, intestate, letters of
administration having been duly issued to the plaintiff by the
Judge of Probate for said County of Barnstable, . . . that
the defendant owns and operates a railroad between Troy, in
the State of New York, and Boston, . . . in this Common-
wealth, . . . that on October 4, 1906, the plaintiff's intestate

was a passenger on said railroad . . . between said Boston and Troy; that the defendant on said day so unskilfully, carelessly, and negligently managed another train, consisting of engine and cars, on said railroad, that it drove said last mentioned engine and cars into and upon the car in which the plaintiff's intestate was riding, and the plaintiff's intestate was thereby instantly killed; that the defendant did not use due care in reference to the management of the car in which the deceased was a passenger, in that it carelessly and negligently permitted the same to stop and remain in the way of said colliding train, at or near Lansingburgh, in said State of New York, nor did the defendant use due care with reference to said colliding train, but carelessly and negligently allowed it to come upon the same tracks upon which the car in which the deceased was riding was standing, at or near Lansingburgh, as aforesaid, and did carelessly and negligently allow said train to collide with said car, as aforesaid; that the plaintiff's intestate was using due care; and that thereby an action accrued to the plaintiff as administrator to recover damages by virtue of the statutes of the State of New York, and he claims damages as administrator aforesaid under and by virtue of said laws and statutes: and a copy of said statutes is hereto annexed."

The defendant demurred to the declaration. The demurrer was sustained by *Stevens*, J., and judgment ordered for the defendant. The plaintiff appealed.

*J. Walsh*, administrator, *pro se.*

*H. H. Baker*, (*C. S. Pierce* with him,) for the defendant.

KNOWLTON, C. J. This action is brought by the administrator of Lottie M. Mitchell, late of Falmouth, deceased, to recover for her death, caused by the defendant's negligence in the management of one of its cars upon which the intestate was riding in the State of New York. It is founded upon a statute of New York, being a part of the Code of Civil Procedure, as follows:

"Section 1902. The executor or administrator of a decedent, who has left, him or her surviving, a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect, or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent, by

reason thereof, if death had not ensued. Such an action must be commenced within two years after the decedent's death.

"Section 1903. The damages recovered in an action, brought as prescribed in the last section, are exclusively for the benefit of the decedent's husband or wife, and next of kin; and, when they are collected, they must be distributed by the plaintiff, as if they were unbequeathed assets, left in his hands, after payment of all debts, and expenses of administration. But the plaintiff may deduct therefrom the expenses of the action, and his commissions upon the residue; which must be allowed by the surrogate, upon notice, given in such a manner and to such persons, as the surrogate deems proper.

"Section 1904. The damages awarded to the plaintiff may be such a sum as the jury, upon a writ of inquiry, or upon a trial, or, where issues of fact are tried without a jury, the court or the referee deems to be a fair and just compensation for the pecuniary injuries, resulting from the decedent's death, to the person or persons for whose benefit the action is brought. When final judgment for the plaintiff is rendered, the clerk must add to the sum so awarded, interest thereupon from the decedent's death, and include it in the judgment. The inquisition, verdict, report, or decision, may specify the day from which interest is to be computed; if it omits so to do, the day may be determined by the clerk, upon affidavits."

The case comes before us on a demurrer to the plaintiff's declaration.

The question is whether an action can be maintained under this statute in this Commonwealth. The general rules applicable to the question were stated in *Howarth* v. *Lombard*, 175 Mass. 570, 572, as follows : "It is familiar law that statutes do not extend *ex proprio vigore* beyond the boundaries of the State in which they are enacted. If they are merely penal, they cannot be enforced in another State. If they furnish merely a local remedy for the invasion of a recognized right which is protected elsewhere in other ways, they cannot be given effect in another jurisdiction. *Richardson* v. *New York Central Railroad*, 98 Mass. 85, 89. The fundamental question is whether there is a substantive right originating in one State and a corresponding liability which follows the person against whom it is sought to be enforced

into another State.  Such a right, arising under the common law, is enforceable everywhere.  Such a right, arising under a local statute, will be enforced *ex comitate* in another State, unless there is a good reason for refusing to enforce it.  It will be enforced, not because of the existence of the statute, but because it is a right which the plaintiff legitimately acquired, and which still belongs to him.  If the statute creating the right is against the policy of the law of the neighboring State, that is a sufficient reason for refusing to enforce the right there.  In the neighboring State, in such a case, it will not be considered a right.  If the enforcement of a statutory right in a neighboring State, in the manner proposed will work injustice to its citizens, considerations of comity do not require the recognition of it by the courts of that State.  If the right by the terms of the statute creating it is to be enforced by prescribed proceedings within the State, the right is limited by the statute, and can only be enforced in accordance with the statute. , If it is of such a kind that, with a due regard for the interests of the parties, a proper remedy can be given only in the jurisdiction where it is created, it will not be enforced elsewhere.  But if there is a substantive right of a kind which is generally recognized, courts through comity ought to regard it, and enforce it as well when it arises under a statute of another State as when it arises at common law, unless there is some good reason for disregarding it."

The decision in *Higgins* v. *Central New England & Western Railroad,* 155 Mass. 176, goes far towards determining our action in the present case.  A statute of Connecticut was before the court, which in its substantive provisions was almost identical with the statute quoted above.  It provided for the survival to the executor or administrator of " all actions for injury to the person, whether the same do or do not instantaneously or otherwise result in death."  Gen. Sts. §§ 1008, 1009.  It gave a recovery of damages for the benefit of the husband or wife and heirs of the deceased person, after deducting the costs and expenses of suit.  The amount of damages to be recovered for a death from negligence was limited to $5,000.  It was held that the right of action recognized by the statute was a right of the deceased person, founded on a wrong done him before his death, and that this right existed in his lifetime, even if he died

instantaneously after the injury.  Under the statute this right survived to the executor or administrator, for the benefit of the husband or wife or next of kin, and an action brought under the statute was simply for the enforcement of the deceased's right, protected and preserved by the statute for his relatives. In this respect the statute now before us is the same.  It recognizes the existence of a right founded on the "wrongful act, neglect or default by which the decedent's death was caused," and it applies alike to cases where death occurs instantaneously and to those where it follows the injury after a long time. Its principal extension of the common law is in allowing an assessment of damages for the death of a person, and in giving these damages to the husband, wife or next of kin as their decedent's representatives.  The difference between the two statutes as to the principles on which the damages are assessed is not material.  Under the statute in New York there is to be a fair and just compensation for the pecuniary injuries resulting to the relatives from the death, with interest from the date of the death.  Under the statute in Connecticut "just damages" are to be recovered, not exceeding $5,000.  Under the statute in Connecticut, there is to be a distribution giving one half to the husband or wife and one half to the lineal descendants of the deceased, *per stirpes.*  If there are no descendants, the whole is to go to the husband or wife, and if there is no husband or wife, the whole is to go to the heirs, according to the law of distribution of intestate personal estate.  Under the statute of New York, the distribution is to be as of unbequeathed assets, left in the hands of the executor or administrator after the payment of all debts and expenses of administration.  Under the statute in Connecticut the costs and expenses of suit are to be deducted before distribution.  Under the statute of New York the plaintiff, before distribution, is to deduct "the expenses of the action, and his commissions upon the residue." The only difference in the substantive provisions of the two statutes is in the assessment of damages, and in the shares of the distributees.  These differences are very small, and wholly immaterial to the question before us.  In the case last cited it was held that, under the law of Connecticut, there was an important right of the deceased that survived to his administrator

for the benefit of the husband, or wife, or next of kin, and that the right could be enforced in the courts of the intestate's domicil by an administrator appointed there. Of course this decision depended upon the construction given to the statute. It was held that the statute was a recognition and creation of substantive rights, and not merely a provision for local procedure to enforce a right in the courts of Connecticut.

The same decision should be made under the present law, unless we reach a different result by reason of the reference in the statute to certain methods of procedure. These do not seem to us intended to affect the substantive provisions or the general construction of the act, but only to designate the ordinary machinery to be used when the proceedings are in the courts of New York. The deduction of an administrator's commissions is simply allowing the reasonable charges and expenses, incurred in the business, to be deducted, and this is substantially the provision in the law of Connecticut. That the expenses and commissions are to be allowed by the surrogate adds nothing to the general rule that all such matters, between an administrator and the next of kin, are to be determined by the surrogate or the probate court, unless they are agreed to by all the parties in interest. The provision that the inquisition, verdict, report or decision may specify the day from which interest is to be computed, or if it omits to do so the clerk may determine it upon affidavits, is simply a detail of procedure which does not affect the nature and general character of the statute. These provisions have no relation to the important rights of the parties which are established by the enactment. If the statute contained nothing touching these details, any court would reach the correct result by some proper method. It seems to us that these provisions were not intended to define or limit the substantive rights of the parties, or to indicate that they have no rights that can be enforced in another State, in a court similar to that mentioned. They seem rather to have been intended simply to indicate methods to be pursued when the remedy is sought in the courts of New York, and to be merely remedial provisions, which a court in another State may vary in form to obtain the same results. In *Higgins* v. *Central New England & Western Railroad*, 155 Mass. 176, at page 181, it was pointed out that the methods of procedure in

Massachusetts probably will not be the same as those in Connecticut. But that was held no reason for refusing to establish the right here.

The statute of New York has been changed since the decision in *Richardson* v. *New York Central Railroad*, 98 Mass. 85. The tendencies of the later decisions have also been towards a broader comity in the enforcement of rights created by the legislation of sister States. *Mulhall* v. *Fallon*, 176 Mass. 266, 268. *Walsh* v. *New York & New England Railroad*, 160 Mass. 571, 573. *Howarth* v. *Lombard*, 175 Mass. 570. The case of *Richardson* v. *New York Central Railroad* has been materially modified if not overruled by the decision in *Higgins* v. *Central New England & Western Railroad*, *ubi supra*, in conformity with the more liberal practice that now prevails.

In the present case there is no difficulty growing out of the fact that an administrator must be appointed to enforce the right. Even under the former statute of New York, it was said by Judge Denio, speaking for the court, that "these statutes have introduced a principle wholly unknown to the common law, namely, that the value of a man's life to his wife or next of kin constitutes, with a certain limitation as to the amount, a part of his estate which he leaves behind him, to be administered by his personal representatives." *Whitford* v. *Panama Railroad*, 23 N. Y. 465, 468. The decision in *Sargent* v. *Sargent*, 168 Mass. 420, fully establishes the propriety of a proceeding by an administrator in such a case to recover property to be distributed among next of kin, under a statute, or among beneficiaries under a contract with the intestate.

We are of opinion that this case should be governed by the decision in *Higgins* v. *Central New England & Western Railroad*, 155 Mass. 176, and that the difference between the statutes in the two cases, in relation to the question before us, is immaterial.

<em>Judgment reversed; demurrer overruled.</em>