MARY E. HANLON, administratrix, *vs.* FREDERICK LEYLAND AND COMPANY, LIMITED.

Suffolk.    January 10, 1916. — March 10, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Negligence,* Causing death. *Actionable Tort. Comity. Jurisdiction. Executor and Administrator. Death.*

An executor or administrator appointed in this Commonwealth may bring in the courts of this Commonwealth an action for the negligent causing in another State or country of the death of his testator or intestate if a remedial statute of such State or country gives to an executor or administrator the right to recover damages "for the benefit of the wife, husband, parent and child of

the person whose death shall have been so caused." Following *Walsh* v. *Boston & Maine Railroad*, 201 Mass. 527.

Lord Campbell's act, St. 9 & 10 Vict. c. 93, giving a right of action for damages resulting from death caused by negligence, is remedial and not penal.

Although St. 9 & 10 Vict. c. 93, giving a right of action for damages resulting from death caused by negligence and requiring that such action shall be brought in the name of the executor or administrator of the person deceased but for the benefit of the wife, husband, parent and child of such person, vests no right of property in the deceased which survives to his personal representative, such an action under that foreign statute may be brought in this Commonwealth against a corporation having a usual place of business here by an administrator appointed here of the estate of a person whose death was caused in English waters by the negligence of the defendant.

CROSBY, J.   This is an action brought by the administratrix of Joseph Dow, late of Boston, deceased, to recover damages for his death caused by the alleged negligence of the defendant by reason of which he was drowned in English waters.

The plaintiff, who has been duly appointed administratrix of the estate of the deceased in this Commonwealth, brings this action for the benefit of the wife and four minor children of the intestate.   The action is founded upon St. 9 & 10 Vict. c. 93, enacted in 1846 and known as Lord Campbell's act.   The act, so far as material, is as follows:

"That whensoever the Death of a Person shall be caused by wrongful Act, Neglect, or Default, and the Act, Neglect, or Default is such as would (if Death had not ensued) have entitled the Party injured to maintain an Action and recover Damages in respect thereof, then and in every such Case the Person who would have been liable if Death had not ensued shall be liable to an Action for Damages, notwithstanding the Death of the Person injured, and although the Death shall have been caused under such Circumstances as amount in Law to Felony.

"II. And be it enacted, That every such Action shall be for the Benefit of the Wife, Husband, Parent, and Child of the Person whose Death shall have been so caused, and shall be brought by and in the Name of the Executor or Administrator of the Person deceased; and in every such Action the Jury may give such Damages as they may think proportioned to the Injury resulting from such Death to the Parties respectively for whom and for whose Benefit such Action shall be brought; and the Amount so recovered, after deducting the Costs not recovered from the De-

fendant, shall be divided amongst the before-mentioned Parties in such Shares as the Jury by their Verdict shall find and direct."

The case comes before us on a report made by a judge of the Superior Court * who overruled a demurrer to the plaintiff's decclaration. The report recited that "by agreement of the parties the following decisions of the English Courts may be referred to in the construction of Chapter 93 of the Statutes of the United Kingdom of Great Britain and Ireland 9th and 10th Victoria with the same force and effect as if pleaded in the declaration." The decisions referred to are then recited.

The inquiry is therefore presented, whether the plaintiff in her capacity as administratrix can maintain an action upon the statute in the courts of this Commonwealth. It is plain that our courts have jurisdiction of the parties. An action to recover damages for a tort is a personal action and is not local but transitory and can, as a general rule, be maintained wherever the wrongdoer can be found, and this is true whether the remedy sought to be enforced exists under the common law or is given by statute. The English statute obviously is not penal but remedial for the benefit of the persons injured by the death. *Higgins* v. *Central New England & Western Railroad,* 155 Mass. 176. *Walsh* v. *Boston & Maine Railroad,* 201 Mass. 527. The statute, like others similarly phrased, does not create a cause of action which accrued to the plaintiff's intestate in his lifetime and which survived and passed to his personal representative. The personal representative of the deceased is simply a nominal plaintiff. The damages recovered do not become part of the assets of the estate or liable for the debts of the deceased, but are distributed among the persons described in the statute. The statute expressly authorizes the action to be brought in the name of the personal representative who has been appointed as such by our court. In *Walsh* v. *Boston & Maine Railroad, supra,* this court said, at pages 529 and 530: "The fundamental question is whether there is a substantive right originating in one State and a corresponding liability which follows the person against whom it is sought to be enforced into another State. Such a right, arising under the common law, is enforceable everywhere. Such a right, arising under a local statute, will be enforced

* *Morton, J.*

*ex comitate* in another State, unless there is a good reason for refusing to enforce it."

No contention is made that the statute is objectionable because contrary to public policy or good morals or that its enforcement would be unjust or calculated to injure the State or its citizens, but it is contended by the defendant that, as the act does not provide for the survival in the personal representative or in the heirs or next of kin of any right of the decedent, the action cannot be maintained by the personal representative of the deceased in this Commonwealth. The defendant relies upon *Richardson* v. *New York Central Railroad,* 98 Mass. 85. It is true that that case held that an administratrix, appointed in Massachusetts, could not maintain an action in our courts to recover for the death of her intestate upon a New York statute which, like Lord Campbell's act, did not give any right of property which passed as assets of the deceased to the administratrix. It is also true, as the defendant argues, that the case of *Higgins* v. *Central New England & Western Railroad, supra,* dealt with a Connecticut statute under which the cause of action went to the administrator by survival. The same was true of the New York statute upon which action in *Walsh* v. *Boston & Maine Railroad, supra,* was brought. Lord Campbell's act fixes the liability where the death is due to negligence. It further declares who shall receive the damages when recovered and expressly designates the personal representative of the deceased as the person who may bring the action. It is difficult to see on what principle the plaintiff should be denied her right to maintain the action here and be compelled to secure her remedy in the English courts. We are of opinion that a plaintiff should not be precluded from maintaining an action upon a statute of a foreign country or of another of the United States to recover damages for the death of a person solely because no right of property under the statute is vested in the deceased which survives to his personal representative. Whatever the rights the plaintiff may have acquired under the English statute, she should be permitted by comity to enforce in our courts in accordance with the trend of modern decisions. *Higgins* v. *Central New England & Western Railroad,* 155 Mass. 176. *Sargent* v. *Sargent,* 168 Mass. 420. *Mulhall* v. *Fallon,* 176 Mass. 266, 268. *Walsh* v. *Boston & Maine Railroad,* 201 Mass. 527. *Dennick* v. *Central Railroad,* 103 U. S.

11. *Northern Pacific Railroad* v. *Babcock,* 154 U. S. 190. *Stewart* v. *Baltimore & Ohio Railroad,* 168 U. S. 445. *Barrow Steamship Co.* v. *Kane,* 170 U. S. 100. *Leonard* v. *Columbia Steam Navigation Co.* 84 N. Y. 48. Story, Conflict of Laws, (8th ed.) § 625, note (*a*).

In *Walsh* v. *Boston & Maine Railroad, supra,* it was said by Knowlton, C. J., speaking for this court, at page 533: "The case of *Richardson* v. *New York Central Railroad* has been materially modified if not overruled by the decision in *Higgins* v. *Central New England & Western Railroad, ubi supra,* in conformity with the more liberal practice that now prevails."

We are of opinion that the decision in *Richardson* v. *New York Central Railroad* cannot now be regarded as a binding authority so far as it holds that an action to recover damages for death cannot be maintained upon a statute similar to that under consideration for the reason that no property right survived to the personal representative of the deceased.

The judgment will be, order overruling the demurrer affirmed and the case remanded to the Superior Court for trial upon the merits.

*So ordered.*

*C. L. Favinger,* for the defendant.
*W. R. Bigelow,* for the plaintiff.