HORACE B. SARGENT, JR., administrator, *vs.* HOWARD SARGENT.

Suffolk.    March 16, 1897. — May 21, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, & LATHROP, JJ.

*French Spoliation Claims — Probate Court — Appointment of Administrator and Settlement of Accounts.*

Where there is property or a fund or right of action which cannot otherwise be made available, it is competent for the Probate Court to appoint an administrator for the sole purpose of collecting and receiving assets which will not be general assets of the estate of his intestate, or liable for his debts, but which will belong to particular persons who by law or by contract with the deceased will be entitled thereto, and it is also competent for that court to entertain jurisdiction of the settlement of the accounts of such administrator; at least when he has not been called to account by other judicial proceedings instituted before the jurisdiction of the Probate Court for this purpose is sought.

APPEAL, by one of the next of kin of Daniel Sargent, from a decree of the Probate Court allowing the account of the administrator of Sargent's estate, on the ground that the Probate Court had no jurisdiction of the matter, and no authority to allow the account.

Hearing before *Holmes*, J., who reserved the case, on an agreed statement of facts, for the consideration of the full court. If the Probate Court had no jurisdiction, its proceeding in allowing the account was to be set aside ; if it had jurisdiction, its allowance of the account was to be affirmed, and the case was to be remitted thereto for further proceedings. The facts appear in the opinion.

*G. A. King*, for the appellant.

*G. C. Dickson & C. S. Knowles*, for the appellee.

ALLEN, J. The administrator was appointed for the purpose of presenting and collecting a claim for French spoliations, and

in that capacity he received the amount of an award, under U. S. St. of March 3, 1891, 26 U. S. Sts. at Large, 862, 908, for which he has sought to account in the Probate Court as administrator, and to have the amount of his reasonable charges and expenses ascertained and deducted. The question relates only to the form in which the duty of the administrator to pay over the money to those entitled may be enforced.

It often happens that an executor or administrator may receive money which is not to be treated as general assets of the estate of his testator or intestate, and is not liable to be applied to the payment of debts, but is to go to some particular persons, as, for example, to the widow or next of kin. The question whether in such cases he may or should settle his accounts in respect to such funds in the Probate Court, or whether the remedy in case of need is to be sought exclusively by other forms of judicial proceedings, is of some practical importance.

In *Gould* v. *Emerson*, 99 Mass. 154, an administrator had recovered from an insurance company the amount of a policy of life insurance, which was expressed to be for the benefit of the widow and child of the assured, and had refused, upon demand, to pay to the child any part thereof; and it was held that he was liable in an action for money had and received, and that he was entitled to deduct, out of the money collected, his expenses of collection, which might include the expenses of taking out administration, if that was the only estate of the deceased in this Commonwealth. The decision in *Fogg* v. *Perkins*, 19 N. H. 101, is to a similar effect. In *Rindge* v. *New England Mutual Aid Society*, 146 Mass. 286, it was said that under such circumstances an administrator might be compelled to dispose of such funds properly by judicial proceedings, without going into the question of the proper form of such proceedings. See also *Daniels* v. *Pratt*, 143 Mass. 216.

It does not follow from the doctrine of the above decisions that the remedy, in such a case, by an action or other proceedings against the administrator personally, is the exclusive one. It was held otherwise in *De Valengin* v. *Duffy*, 14 Pet. 282. In that case, De Valengin was the ostensible owner of a cargo, which in reality was owned by Duffy, and, the cargo having been captured by a Brazilian cruiser, and De Valengin having died,

his administrator obtained compensation for the cargo from the Brazilian government. Duffy sued the administrator for the money. This administrator died, and an administrator *de bonis non* of De Valengin was appointed, against whom Duffy was allowed to prosecute the action, instead of pursuing it against the representatives of the original administrator. The court declared that Duffy might resort to the original administrator in his personal character or in his representative character, at his election ; and that where an administrator, by the judgment of a court, recovers money in his representative character, he must account for it in the same character. In that case, it appears to have been considered that the money recovered was assets of the estate of De Valengin in a certain qualified sense, but apparently it was not thought to be liable to be applied to the payment of his debts.

In *Perkins* v. *Perkins*, 46 N. H. 110, a widow was entitled to a Revolutionary pension, and after her death her administrator received arrears due at her death, which by law would be for the benefit of her children. It was held that this money was not assets for the payment of debts or general expenses of administration, but that the administrator took it in trust for the children ; and a special decree was entered, charging him with the money so received, deducting therefrom the expenses attending it, and providing that it should be paid directly to the children, with a special view to affording a remedy on the administrator's bond. The court, in a fully considered opinion, said that they could see no reason for holding that he should not be liable on his bond, without which he could not have received his appointment, or have acquired a right to receive the money at all. In this case, as in *De Valengin* v. *Duffy*, it was recognized that the persons entitled might have maintained an action against the administrator personally, instead of holding him responsible in his representative character.

In the recent case of *Clement's estate*, 160 Penn. St. 391, where an administrator had received money upon a French spoliation claim for the next of kin, the court said that the ascertainment of the next of kin to a decedent, for the purposes of distribution, was within the general jurisdiction of the Orphans' Court of Pennsylvania, and that this jurisdiction might be extended

to include such ascertainment with reference to a fund which, though not a part of the decedent's estate, was, for the purpose of ascertaining who were to take, to be treated as if it were; and the former decision, in *Clement's estate,* 150 Penn. St. 85, upon which the decision in *Leffingwell's appeal,* 62 Conn. 347, chiefly rested, was overruled.

Under a very strict construction of the powers of an executor or administrator, and in the absence of any extension of them by statute, he could only deal with the estate of the deceased, and could indeed only be appointed when there might be such estate to be administered. But this would be so inconvenient in practice that various extensions of these powers have been established, or recognized as existing. In some instances, this has been done by express statute; as where an executor or administrator is allowed to collect rents of real estate, under certain circumstances, and to recover compensation for the death of the testator or intestate for the benefit of his widow or next of kin. In other instances, it is held that an executor or administrator may maintain an action to recover money from a life insurance company or beneficiary association for the benefit of those to whom the money is to go, although no statute expressly authorizes it, because the recovery is had by virtue of a contract with the deceased. Such cases are common and familiar. But in still other instances, an executor or administrator has been allowed in this State and elsewhere to maintain an action for the benefit of a widow or children or next of kin to recover compensation for a death caused in another State by a corporation of such other State, when the only right of action was conferred by the statutes of such other State; and no doubt it would follow that an administrator might be appointed for the sole purpose of bringing such an action. *Higgins* v. *Central New England & Western Railroad,* 155 Mass. 176. *Dennick* v. *Central Railroad,* 103 U. S. 11. *Huntington* v. *Attrill,* 146 U. S. 657, 675. In these cases, the administrator is allowed to recover, not by virtue of any contract with his intestate, or of any express authority given by the statutes of the State where he is appointed, and the amount recovered does not belong to the general assets of the estate. The administrator in the case now before us, no doubt, was appointed for the sole purpose of collecting the money which

he now seeks to account for, and in other instances which have been before this and other courts, it is probable that the appointments of administrators have been made solely for the same purpose. So far as we know, it has nowhere been deemed necessary to obtain special legislation to authorize the appointment of administrators for the purpose of receiving money from the general government for the benefit of the next of kin; and in *Blagge* v. *Balch*, 162 U. S. 439, 463, the opinion of the court seems to imply that it is not deemed necessary, although the money received is not to be administered as general assets belonging to the estate. In many instances, property and funds are administered by administrators, which are not general assets, but assets only in a qualified sense. Wms. Ex. (7th Am. ed.) 1518. Woerner, Administration, § 305. *Thurston* v. *Doane*, 47 Maine, 79. *Lewis* v. *Carson*, 93 Mo. 587. *Gardner* v. *Clarke*, 20 D. C. 261. In *Balch* v. *Blagge*, 157 Mass. 144, the administrators *de bonis non* of the original sufferer held funds coming from the same source as the funds involved in the present case, and settled their accounts in the Probate Court, and had a balance in their hands, and thereupon, upon a petition by the administrator *de bonis non* of a deceased son of the original sufferer, the Probate Court passed a decree for the payment to him of a portion of the funds; and this decree on appeal was affirmed by this court, no question being raised as to the jurisdiction of the Probate Court to entertain the petition. In *Cronan* v. *Cotting*, 99 Mass. 334, and in *Codman* v. *Brooks*, 159 Mass. 477, 481, language is used which would imply a doubt of such jurisdiction.

But, in view of the foregoing considerations and authorities, where there is property or a fund or right of action which cannot otherwise be made available, in our opinion it is competent for the Probate Court to appoint an administrator for the sole purpose of collecting and receiving assets which will not be general assets of the estate of his intestate, or liable for his debts, but which will belong to particular persons who by law or by contract with the deceased will be entitled thereto, and it is also competent for that court to entertain jurisdiction of the settlement of the accounts of such administrator; at least when he has not been called to account by other judicial proceedings insti-

tuted before the jurisdiction of the Probate Court for this purpose is sought.

We do not, however, at this time determine whether sureties upon an administrator's bond in the ordinary form would or would not be liable for a failure by the administrator to make distribution according to the order of the Probate Court.

The decree of the Probate Court is therefore to be affirmed, and the case remitted to that court for further proceedings.

*So ordered.*