Hattie M. Dodson et al. v. W. B. Wortham, State Treasurer.

Delivered April 6, 1898.·

1. **Estates of Decedents—Jurisdiction of County Court—Amount.**

A suit authorized by article 2211, Revised Statutes, to recover funds not claimed by heirs and deposited with the State Treasurer by order of the county judge, may be brought in the county court when the estate was administered, although the sum involved exceeds the jurisdictional amount of that court.

2. **Same—Appeal from County to District Court.**

An appeal from the county court in a suit brought to recover funds not claimed by heirs and deposited with the State Treasurer by order of the county judge, lies to the district court, and not to the Court of Civil Appeals, under article 5, section 8, of the Constitution.

Appeal from the County Court of Maverick. Tried below before Hon. J. A. Bonnet.

*Jas. B. Goff*, for appellants.

No brief for appellee.

Fly, Associate Justice.—This suit was instituted under authority conferred by article 2211, Revised Statutes, to recover certain funds belonging to the estate of Frederick Belford, deceased, which had by order of the county judge been paid by his administrator into the State treasury. Art. 2202. The case was tried by the court below and judgment rendered in favor of appellee.

The exclusive jurisdiction of the county court is limited by the Constitution to civil cases in which the matter in controversy exceeds in value $200 and does not exceed $500, exclusive of interest; and its concurrent jurisdiction with the district court is confined to cases in which the matter in controversy exceeds $500 and does not exceed $1000, exclusive of interest, suits for the recovery of land being excepted. It is further provided: "The county court shall have the general jurisdiction of a probate court; they shall probate wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis, and common drunkards, grant letters testamentary and of administration; settle accounts of executors; transact all business appertaining to deceased persons, minors, idiots, lunatics, persons non compos mentis, and common drunkards, including the settlement, partition, and distribution of estates of deceased persons." Const., art. 5, sec. 16. In article 2211, which is found under title 39, relating to estates of decedents, it is provided that when the funds belonging to an estate have not been claimed by heirs, and have

been paid to the State Treasurer by order of the county judge, that any heir, devisee, or legatee of the decedent "claiming such funds, or any portion thereof, shall institute his suit therefor, by petition filed in the county court of the county in which the estate was administered, against the treasurer of the State, setting forth the petitioner's right to such funds, and the amount claimed by him." It is evidently contemplated by this statute that the suit in question can be brought in the county court regardless of the amount, and the statute is constitutional, in case the amount should be less than $200 or more than $1000, only on the ground that the county court has obtained jurisdiction of the estate by the administration, and that the suit is a matter pertaining to such administration. In this case the suit is for $1781.24, a matter in excess of the jurisdiction of the county court except on the ground mentioned, that it is a matter pertaining to an estate. We have found no case in this State directly in point, but in the case of Treasurer v. Wygall, 46 Texas, 447, suit was instituted in the county court for funds belonging to an estate, amounting to over $250,000, and although the matter of jurisdiction was not discussed, we must presume it would have been noticed had there been in the minds of the court any question as to jurisdiction. When the same case was again before the Supreme Court (51 Texas, 621), it was held that a judgment in favor of other heirs was res adjudicata as to Wygall, the reason given being that a proceeding like the one we are considering is one in rem in which the parties claiming the estate should have intervened. That is to say, it was a continuation of the administration of an estate of which the county court had jurisdiction. Concluding, therefore, that the county court had jurisdiction to try the cause, the question arises, when it had been tried by the county court, to what court would appellate jurisdiction attach? The answer of the Constitution is: "The district court shall have appellate jurisdiction and general control in probate matters over the county court established in each county, for appointing guardians, granting letters testamentary and of administration, probating wills, for settling the accounts of executors, administrators, and guardians, and for the transaction of all business appertaining to estates." Const., art. 5, sec. 8.

It is clear that unless this case is one pertaining to the administration of the estate of a decedent that the County Court of Maverick County had no jurisdiction to try it, and if it is one pertaining to such administration, then the district court had appellate jurisdiction, and this court has no jurisdiction. This court having no jurisdiction, the appeal will be dismissed.

*Appeal dismissed.*

Writ of error dismissed.