## LELIA MOORE ET AL. V. C. W. MERTZ, EXECUTOR.

Decided February 11, 1905.

**1.—Administration—Compelling Additional Inventory.**

Where an executor fails to include in his inventory of the decedent's estate money or property in his hands belonging to the estate, the County Court has jurisdiction, upon petition of the devisees and legatees, to have the inventory corrected so as to include such omitted property. Rev. Stats., arts., 1973, 1974, 1975.

**2.—Same—Pleading—Description of Property.**

A petition which failed to specifically describe the omitted property, but alleged it to be in the possession of the executor, and that a specific description of it could not be given, showing an excuse for such inability, was sufficient.

**3.—Same—Jurisdiction—Amount.**

The County Court in probate had jurisdiction of the proceeding to compel an inventory of the omitted property, regardless of its value and amount.

Appeal from the District Court of Johnson. Tried below before Hon. W. J. Oxford.

*S. C. Padelford* and *Adams & Truelove,* for appellants.—The Constitution of this State confers upon the County Courts of this State the general jurisdiction of a Probate Court and jurisdiction to probate wills, grant letters testamentary, and to transact all business appertaining to the estate of deceased persons, etc.; to require executors to make out and file inventories, appraisements and lists of claims of such estates; to approve or disapprove of such inventories, appraisements and list of claims, and to hear objections, exceptions and protests thereto; to require executors to return correct inventories, appraisements and lists of claims; and to require the executors to return additional inventories, appraisements and lists of claims.

*H. P. Brown, D. W. Odell* and *Ramsey & Odell,* for appellee.—This proceeding was in effect and legal contemplation an action for debt and to assert liability against appellee for the amount of the alleged sums of money and notes claimed to have been in the possession and asserting in legal effect that appellee had misappropriated same, and said sums largely exceeding $1,000 and were cognizable and determinable alone in the District Court. Chiffelt v. Wells, 11 S. W. Rep., 1105; Timmins v. Bonner, 58 Texas, 555; Edwards v. Mounts, 61 Texas, 398; Wise v. O'Malley, 60 Texas, 588; Wordsworth v. Chick, 55 Texas, 241.

BOOKHOUT, ASSOCIATE JUSTICE.—This was a proceeding begun in the County Court of Johnson County in the matter of the estate of Mrs. Beall H. Brown, to require the executor to return a more perfect inventory of the property of said estate. Mrs. Beall H. Brown by her last will and testament named and constituted the defendant, C. W. Mertz, as executor of her estate, and devised all of her estate to her daughters, Mrs. Lelia Moore, nee Brown, and Misses Fay, Floy and Adriel Brown, and the will was duly probated and C. W. Mertz accepted the trust as executor of her last will. He returned an inventory and appraisement of the property and list of claims, and the same was filed in the County Court on the 24th day of October, 1899.

The said devisees and legatees, on the 6th day of March, 1900, filed in the County Court in said estate their protest and exceptions wherein they respectfully protest and except to the purported inventory, appraisement and list of claims of the estate of the said Beall H. Brown, deceased, filed in said County Court by said C. W. Mertz. The substance of the protest was that the executor had property and money in his possession which he had failed to embrace in the inventory, and it was sought to have the inventory corrected so as to include the same. This protest was tried in the County Court on its merits, and protestants denied relief, and judgment rendered accordingly, from which judgment protestants appealed to the District Court.

The case was regularly carried to the District Court on appeal. On the 15th day of December, 1903, the executor filed a general demurrer to plaintiff's pleadings, which was sustained, and the plaintiff then filed under leave of the court a trial amendment, which is as follows:

"Contestants allege that C. W. Mertz, as executor of the estate of Mrs. Beall H. Brown, had in his possession at and for some time after the filing of the contest in this case other notes and credits than those mentioned and listed belonging to the estate of Mrs. Brown, deceased, and which should have been put into and made a part of the inventory and appraisement filed by him in this case, and that the said Mertz admitted to contestants that he has the said notes, money and credits to the amount of $12,000 in his possession and under his control after inventory and appraisement had been filed in this case, and that the said Mertz failed to include said notes, money and credits in the inventory as he should have, and that the said $12,000 of notes and money should have been included in the inventory which was filed in the County Court of Johnson County, Texas.

"The contestants can not get a more correct description of the said

notes and credits and amount of money and the amount thereof, or the persons owing the same to the estate of the said Mrs. Beall H. Brown, deceased, for the reason that the said Mertz has suppressed and destroyed all evidence which Mrs. Brown and contestants had and which was accessible to the contestants, but the contestants can show that money and credits to the amount of $12,000 which belonged to the estate of Mrs. Beall H. Brown, deceased, was in possession of said C. W. Mertz at the time of and after the filing of said inventory by him in the said County Court of Johnson County, Texas, and at the time of the filing of the contest herein.

"That the said inventory so filed by the said Mertz in the County Court of Johnson County, Texas, of the said estate of Mrs. Beall H. Brown, deceased, is incorrect and erroneous, and that it should be corrected; and that there should be added to the said inventory, money and notes and credits belonging to the estate of the said Beall H. Brown, deceased, and in the possession of the said Mertz to the amount of at least $12,000, which the said Mertz failed and refused to inventory and has since failed and refused to inventory, and that the said inventory still remains incorrect to the amount of said $12,000 of credits and money as alleged above, and as alleged in the original contest, and in the second amended exceptions to the auditor's report filed herein.

"Premises considered, contestants pray that the said Mertz, as executor of the estate of Beall H. Brown, deceased, be required to correct said inventory, and that the said moneys, notes and credits, to wit: to the amount of $12,000, be added to and be made a part of the inventory and appraisement and list of claims of the estate of Beall H. Brown, deceased, and they pray for general and special relief."

The defendant urged his general demurrer to plaintiff's original and amended pleadings, which was sustained, the District Court holding that the County Court had no jurisdiction of the relief prayed for and sought in plaintiff's pleadings, and consequently the District Court on appeal had no jurisdiction, and dismissed the appeal, to which action of the court the appellants excepted and gave notice of appeal, and have duly perfected the same.

By this appeal the question of the correctness of the trial court's action is presented for our consideration and decision. The Constitution confers upon the County Court the general jurisdiction of Probate Courts, with power to probate wills, . . . settle accounts of executors . . . including settlements, partitions and distribution of estates of deceased persons. It gives to said court full control over the administration of the estate of a deceased person. (Const., art. 5, sec. 16.)

The Legislature, in recognition of the power thus conferred, enacted a statute conferring similar powers upon the County Court in the matter of the estates of deceased persons. (Rev. Stats., art. 1840.)

If the devisees and legatees of the estate of Mrs. Brown believed that the executor had in his hands property and money belonging to the estate of their deceased ancestor which he had failed to include in the inventory of the estate, it was their right under the statute to object to the inventory returned by him, and by petition to the court point out such property and have the inventory corrected so as to include the same.

(Batts' Civ. Stats., art. 1974.) If the proof showed that such additional property belonged to the estate, the court should have ordered the executor to correct the inventory and appraisement and include the same therein. Batts' Civ. Stats., arts. 1973, 1975.

The proceedings by the legatees of the will of Mrs. Brown were instituted under these provisions of the statute, and, if they met the requirements of the statute, were sufficient to require the court to hear evidence in support of the same. The application does not specially describe the property alleged to be in the possession of the executor which he has failed to include in the inventory, but it alleges that the legatees can not specifically describe the same, and sets up their excuse for their inability to do so, which, if true, we think was sufficient to excuse them for failing to specifically describe the property.

It is contended by appellee that this proceeding was in effect and legal contemplation an action for debt and to assert liability against appellee for the amount of the alleged sums of money and notes claimed to have been in his possession, and asserting in legal effect that appellee had misappropriated same; and said sums largely exceeding $1,000, the matters were cognizable and determinable alone in the District Court, and the County Court had no jurisdiction to determine the issues in controversy. The executor further contends that the protest shows that the sums of money and notes alleged to be in his hands all resulted from his relation as agent for Mrs. Brown during her lifetime, and that he had at the time of her death admitted that he had money and notes belonging to her estate, but declined to state the amount. The original protest set out that the inventory returned by the executor was incorrect in that he had failed to embrace therein money and notes amounting to between $9,000 and $12,000 in his possession and belonging to said estate. In giving as excuse for their failure to particularly describe this property they alleged that, long prior to the decease of Mrs. Beall H. Brown, the said Mertz was her agent for the purpose of loaning funds at interest, and was so acting at the time of her decease; and that as such executor of her last will the said Mertz has had possession of the property of the estate of Beall H. Brown since her decease, and that as such agent and executor the said Mertz has had and now has sole possession and control of the papers and property belonging to said estate, and for that reason your protestants are unable to make a fuller and more complete statement of the facts than they make in this protest and exceptions; that they have made requests at divers times of the said Mertz for a full and complete exhibit of the condition of the said estate, but that the said Mertz has wholly failed and refused to furnish in any way said statement and exhibit.

We are of the opinion that appellee's contention should not be sustained. The proceedings of contestants did not seek a moneyed judgment against the executor. It was sought to have the inventory as returned by him corrected so as to include property belonging to the estate alleged to be in his possession, which he had failed to embrace therein. The County Court had jurisdiction to determine this matter. If these allegations were sustained by proof, then under the statute the protestants were entitled to the relief they asked. Const., art. 5, sec. 16; Rev. Stats., arts. 1840, 1973, 1974, 1975; Chifflet v. Willis & Bro.,

74 Texas, 245; White v. Sheppard, 16 Texas, 163; White v. White, 11 Texas Civ. App., 113; Dulaney v. Walsh, 37 S. W. Rep., 615.)

It follows that the court erred in sustaining the general demurrer to the pleadings of the protestants. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*