## THOMPSON v. WABASH R. CO.

(Circuit Court, E. D. Missouri, N. D. February 3, 1911.)

No. 510.

1. DEATH (§ 31*)—RIGHT TO SUE—EMPLOYER'S LIABILITY ACT.

Under employer's liability act (Act Cong. April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1909, p. 1171]), providing that, in case of the death of an employé of a carrier engaged in interstate commerce, an action may be maintained by the decedent's personal representatives for the benefit of the surviving widow or husband and children of the employé, and if none, then of such employé's parents, and if none, then of his next of kin dependent on him, etc., the action must be brought by the decedent's executors or administrators, and cannot be maintained by the surviving widow or beneficiary.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 35-46; Dec. Dig. § 31.*]

2. DEATH (§ 31*)—WRONGFUL DEATH—EMPLOYÉ OF CARRIER—FEDERAL STATUTE—EFFECT.

Federal employer's liability act (Act Cong. April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1909, p. 1171]), authorizing recovery

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

against an interstate carrier for the wrongful death of a servant, in a suit by his personal representative, did not supersede the Missouri law authorizing a wife to maintain an action for the wrongful death of her husband, provided it was brought within 6 months, and if not, then au-thorizing its maintenance by the children of the deceased, if any, etc.

[Ed. Note.—For other cases, see Death, Dec. Dig. § 31.*

What law governs master's liability for injuries to servant, see note to Mexican Cent. Ry. Co. v. Jones, 48 C. C. A. 232.]

3. REMOVAL OF CAUSES (§ 19*)—GROUNDS—CONSTRUCTION OF FEDERAL STAT-UTE.

Plaintiff brought suit against defendant, an interstate carrier, for death of her husband, a locomotive fireman, while engaged in interstate com-merce, alleging that his death resulted from a collision due to the negli-gence of the engineer and conductor of the train on which he was em-ployed. *Held*, that such action was not brought under or in pursuance of the federal employer's liability act (Act Cong. April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1909, p. 1171]), but under the Missouri state law, and hence the cause was not removable on the ground that it involved a construction of a law of the United States.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 37–48, 52, 53; Dec. Dig. § 19.*]

Action by Ethel Thompson against the Wabash Railroad Company. On motion to remand the case to the state court. Motion granted.

M. J. Lilly, for plaintiff.
Robertson & Robertson and J. L. Minnis, for defendant.

DYER, District Judge. The plaintiff in this case, Ethel Thomp-son, is a citizen of Missouri, residing at Moberly, in the county of Randolph. The defendant is a railroad corporation organized under the laws of the state of Missouri, and therefore a citizen of the state of Missouri, having offices at Moberly, in said state. Plaintiff in her petition filed on the 7th day of January, 1910, in the circuit court of Randolph county, Mo., alleges that prior to the 28th day of August, 1909, she was the wife of one R. W. Thompson, and that since that day she had been his widow. She further alleges in her petition that the defendant company operated a line of railway between Moulton, in the state of Iowa, and Moberly, in the state of Missouri, with the line extending eastwardly from Moulton, in the state of Iowa, into, through, and across the counties of Schuyler, Adair, Macon, and Randolph counties, in the state of Missouri. She further al-leges in her petition that her said husband was on the 28th day of August, 1909, in the employ of the defendant corporation, as a fire-man on a freight engine, running between Moulton, Iowa, and Moberly, Mo.; that, at a point in Missouri, the engine upon which her said husband was fireman came into collision with another train through negligence and carelessness of the engineer and conductor of the train upon which her said husband was at work as such fire-man, and that in consequence of such negligence and of said colli-sion her husband lost his life. The plaintiff asks judgment against the defendant for a sum in excess of $2,000. At a term of the cir-cuit court of Randolph County, Mo., to which the defendant was re-quired to appear, the defendant did appear and presented a petition

to the said circuit court of Randolph county for the removal of the case to the United States Circuit Court for the Northern Division of the Eastern Judicial District of Missouri. The application of the defendant for the removal is as follows:

"In the Circuit Court of Randolph County, Missouri. February Term, A. D. 1910.

"State of Missouri, County of Randolph—ss.:

"Ethel Thompson, Plaintiff, v. Wabash Railroad Company, Defendant.

"Your petitioner, the Wabash Railroad Company, respectfully shows to this honorable court:

"(1) That it is the defendant in the above-entitled cause; that the said suit is of a civil nature; that the matter and amount in dispute in said suit exceeds, exclusive of interest and costs, the sum or value of $2,000.00, and that plaintiff and defendant in said suit are actually interested therein.

"(2) That said suit arises under the law of the United States, to wit, an act of Congress, approved April 22nd, 1908, entitled 'An act relating to the liability of common carriers by railroad to their employés in certain cases.'

"(3) That plaintiff in said suit avers in her petition that on the 28th day of August, 1909, the defendant was a railroad corporation, engaged in operating a steam railroad from the city of Moulton, in the state of Iowa, to the city of Moberly, in the state of Missouri, as a common carrier; that R. W. Thompson, her husband, was killed on the 28th day of August, 1909; that said R. W. Thompson was at the time of his death an employé of defendant, performing his duty as a locomotive fireman on one of defendant's trains then being run and operated from the city of Moulton, in the state of Iowa, to the city of Moberly in the state of Missouri; that the death of the said R. W. Thompson resulted from the negligence of the agents and employés of defendant, and that plaintiff by reason of the death of her husband, R. W. Thompson, has been damaged in the sum of $10,000.00, for which said sum she prays judgment against defendant.

"(4) Your petitioner says that it denies that it is liable under the said act of Congress to the plaintiff, or any other person, for said sum of $10,000.00 damages, or any other sum, on account of the death of the said R. W. Thompson, and that the question in said suit is whether plaintiff is entitled to recover from the defendant under the said act of Congress the said sum of $10,000.00 or any other sum, as damages on account of the death of her said husband.

"(5) Your petitioner further states that the decision of said question and said suit will necessarily embrace a construction of said act of Congress, because your petitioner says the question of defendant's liability in said suit involves a controversy between the plaintiff and defendant with respect to the true meaning and intent of said act of Congress and the operation and effect thereof upon the alleged facts stated in the petition.

"Your petitioner herewith presents a good and sufficient bond, as provided by the statutes in such cases, that it will on or before the first day of the ensuing session of the United States Circuit Court for the Northern Division of the Eastern District of Missouri, file herein a transcript of the record in this action, and for the payment of all costs which may be awarded by the said court, if the said Circuit Court shall hold that this suit was wrongfully removed thereto.

"Your petitioner therefore prays that this court proceed no further herein, except to make the order of removal as required by law, and to accept the bond presented herewith, and direct a transcript of the record herein to be made for said court, as provided by law, and as in duty bound, your petitioner will ever pray."

The court before whom the case was pending in Randolph county denied the petition for removal filed by the defendant. Thereupon the defendant caused to be made out a full and perfect transcript of the case and filed it in the United States Circuit Court for the Northern Division of the Eastern Judicial District of Missouri, at

Hannibal. Thereafter, the plaintiff, through her attorney, filed a motion to remand this cause to the Circuit Court of Randolph county, on the ground that the federal court had no jurisdiction of the case. It is this motion to remand that is now before this court.

Under the statutes of Missouri the plaintiff has a cause of action against the defendant to recover damages for the death of her husband. The law of Missouri gives this right to the wife, and in the event that she does not exercise it within six months, then the right of action is in the children, if any, of the deceased. This suit was instituted within six months after the death of the husband, and under and in pursuance of the laws of the state of Missouri, where the plaintiff resided, and where defendant resides, and where the husband was killed. The statutes of Missouri also provide that if the husband loses his life through the negligence of a fellow servant the plaintiff may recover. Congress by an act entitled "An act relating to the liability of common carriers by railroad to their employés in certain cases," approved April 22, 1908 (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1909, p. 1171]), provides:

"That every common carrier by railroad while engaging in commerce between any of the several states or territories, or between any of the states and territories, or between the District of Columbia and any of the states or territories, or between the District of Columbia and any of the states or territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employé, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employé; and if none, then of such employé's parents; and if none, then of the next of kin dependent upon such employé, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employés of such carrier, or by reason of any defect or insufficiency, due to its negligence in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment."

Under this act it is perfectly apparent that the plaintiff, the widow of the deceased, cannot maintain the action. It must be done, if at all, by the personal representatives of the deceased; that is to say, his executors or administrators. The question here is as to whether this act of Congress does away with the state statute authorizing the widow to sue for and recover damages against the railroad company, through the negligence of whose officers or agents her husband lost his life, or is it an act giving employés an additional forum in which under certain circumstances they may go for the redress of wrongs? If the court refuses to remand this case, what then? This plaintiff has no right of action under the federal statute and the case must necessarily be dismissed.

My opinion is that the circuit court of Randolph county has complete jurisdiction to try and determine the case. The laws of the state give the right to the wife to recover for the death of her husband, and this right is in no wise interfered with by the act of Congress to which reference is made. In this I may be wrong, but if I am some court of higher authority will correct it.

The motion to remand will be sustained.