ST. LOUIS SOUTHWESTERN RY. CO. v.
BROTHERS.

(Court of Civil Appeals of Texas.   Dallas.
March 21, 1914.   Rehearing Denied
April 11, 1914.)

1. COMMERCE (§ 27*)—EMPLOYERS' LIABILITY
ACT—EMPLOYÉ IN INTERSTATE COMMERCE.

B., employed by defendant carrier as an
"extra" brakeman, at all times subject to call,
with headquarters at C., paid for his services
from the time he started on a trip till returned
to C., having been sent out as a brakeman on
a train engaged in interstate commerce, was, at
the time of his injury, when being sent back
on a pass to C., on a train of defendant engaged
in interstate commerce, not a passenger, but an
employé, engaged in interstate commerce, so that
action for his death therefrom is governed by
the federal Employers' Liability Act (Act April
22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St.
Supp. 1911, p. 1322]).

[Ed. Note.—For other cases, see Commerce,
Cent. Dig. § 25; Dec. Dig. § 27.*]

2. DEATH (§ 31*)—ACTIONS—PLAINTIFF—FED-
ERAL EMPLOYERS' LIABILITY ACT.

Under the federal Employers' Liability Act
(Act April 22, 1908, c. 149, 35 Stat. 65 [U. S.
Comp. St. Supp. 1911, p. 1322]), action for
death of an employé from injury received while
engaged in interstate commerce, maintainable
only by the personal representative of deceased,
must be by his administrator or executor, though
he left no estate, and cannot be by relatives in
their individual capacity.

[Ed. Note.—For other cases, see Death, Cent.
Dig. §§ 35, 37–46, 48; Dec. Dig. § 31.*]

Appeal from District Court, Hunt County;
A. P. Dohoney, Judge.

Action by C. E. Brothers against the St.
Louis Southwestern Railway Company. From
an adverse judgment, defendant appeals.
Reversed and remanded.

E. B. Perkins, of Dallas, and Crosby, Ham-
ilton & Harrell, of Greenville, for appellant.
O. C. Mulkey, of Commerce, and Evans &
Carpenter, of Greenville, for appellee.

RASBURY, J.   In view of what we consid-
er to be the controlling issue in this case, a
sufficient statement of the pleading is that
C. E. Brothers sued appellant for damages
for personal injuries caused by cinders being
blown into his eye while upon one of appel-
lant's trains en route from Ft. Worth to Com-
merce, Tex., as the result of appellant's neg-
ligence in the operation of its train. About
5½ months after Brothers' injury, and about
two months after the suit was filed, he died,
and his parents, Hence and Maggie Brothers,
intervened in the suit, alleging his death
and that it resulted from the injuries detail-
ed, and sought damages therefor.

[1] Appellant pleaded in abatement of the
suit that it was a common carrier of freight
and passengers, and C. E. Brothers its em-
ployé at the time of his injury, both engaged
at that time in transporting interstate freight
and passengers, and that interveners could
not for that reason prosecute the suit in
their individual capacities, but that same
could only be maintained by the personal rep-

resentative of the deceased, as provided by
the terms of the federal Employers' Liability
Act.   Appellant further urged, subject to its
plea in abatement, its special exception, as-
serting that the petition was insufficient, be-
cause it failed to allege facts which would
authorize interveners to prosecute the suit.

Interveners, in response to the plea in
abatement, averred that there was no admin-
istration pending upon the estate of C. E.
Brothers, and no necessity therefor, since at
the time of his death he owned no property
whatever, nor were any debts due him by
others; and further that, at the time he was
injured, he was not in the service of appel-
lant, but was traveling as a passenger upon
one of appellant's trains, and as a conse-
quence the federal rule did not apply.

Appellant's plea in abatement, upon hear-
ing, was overruled, as was also the special
exception upon argument.   There was trial
by jury, with verdict for interveners followed
by like judgment, from which this appeal is
prosecuted.

The facts essential to a disposition of this
appeal, and which are undisputed, are in sub-
stance as follows: Appellant is, and was at
the time Brothers was injured, a common
carrier of freight and passengers, engaged in
both interstate and intrastate business or
commerce.   Prior to and at the time Brothers
was injured, he resided at Commerce, and at
the time of such injury he was employed by
appellant as "extra" brakeman.   Preceding
the day on which Brothers' eye was injured,
he served as brakeman for appellant on a
train from Texarkana to Ft. Worth.   The
train came from Little Rock, Ark., to Tex-
arkana over the St. Louis Southwestern
Railway Company and from Texarkana to
Ft. Worth over the line of the appellant, St.
Louis Southwestern Railway Company of
Texas.   The train on which Brothers served
as brakeman from Texarkana to Ft. Worth
was a passenger train and had on board in-
terstate passengers destined for points within
Texas, being in fact an excursion train re-
turning from a reunion of Ex-Confederate
soldiers from Little Rock.   The train reached
Ft. Worth, which was its final destination,
about midnight.   Brothers spent the remain-
der of the night in Ft. Worth.   The following
morning he received a "pass" from appellant,
which authorized him to return over appel-
lant's line of railway to Commerce.   For that
purpose he boarded one of appellant's regular
passenger trains at Ft. Worth and did
return thereon to Commerce.   En route the
cinder that caused his injury was lodged in
his eye.   The train on which he returned was
engaged in interstate commerce.   Brothers
performed no service whatever on the train
that returned him from Ft. Worth to Com-
merce, but by the terms of his employment
appellant, nevertheless, paid him for his
services from the time he left Texarkana

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

until it returned him to Commerce, as if actually in service, furnishing him as well transportation from Ft. Worth to Commerce. Commerce was a terminal of appellant and the place where Brothers received orders, and he was instructed by his superior when he left Ft. Worth to report to the proper officials at Commerce for further orders in line with his employment. Brothers arrived at Commerce at 1 p. m. of the same day, remaining there until 11:45 p. m., when he was sent out on an extra freight train; his run being from Commerce to Mt. Pleasant, which train was engaged in interstate commerce. Brothers returned from Mt. Pleasant the next day on a train also engaged in interstate business.

Thus it will be seen that the evidence in the record, and which we have stated in substance, discloses without conflict whatever that the train on which Brothers served as extra brakeman was engaged in interstate commerce. It, in like manner, discloses that the train on which he was traveling back to Commerce under instructions of his superiors to there report for further duty was also engaged in interstate commerce. And finally that the train upon which he begun his duties after arriving at Commerce was also engaged in such commerce. The facts related being true, appellant asserts that the court should have sustained its plea in abatement, and, if not, then its special exception, both of which asserted that interveners' cause of action, if any they had, arose under the act of Congress of April 22, 1908 (35 Stat. 65, c. 149 [U. S. Comp. St. Supp. 1911, p. 1322]), and that the case should not have been tried by any rules other than those prescribed by said act. Counsel for interveners in no respect challenge the facts we have stated as being undisputed, but take the position here, as they did in the court below, that Brothers was in no sense in the employ or actual service of appellant at the time he received his injuries, but in fact a passenger, and that appellant owed him, at the time he received his injury, that high degree of care which a very careful, cautious, and prudent person would have exercised under the same or similar circumstances in transporting passengers for hire. By the rule just stated the case was tried in the court below. Accordingly, under the facts just recited, and in order to determine the issues raised by counsel for appellant, it becomes necessary to determine whether Brothers, at the time he received his injuries, was in legal contemplation in the employ of appellant, since, if he was, a rule at variance with the one by which the case was submitted applies.

It is undisputed, as we have said in our findings of fact, that Brothers was regularly in the employ of appellant serving as extra brakeman. Under the terms of his employment, he was at all times subject to the call of his master for the performance of such duties as should be assigned him in line with such employment. When called to duty, his time and pay was allowed until he returned to Commerce, his home and place of employment, whether actually at his work or not. The day prior to his injury he was directed to serve on a train from Texarkana to Ft. Worth, which he did, arriving at Ft. Worth about midnight, which concluded the run. The following morning he was directed to proceed back to Commerce and report for duty. He did so (being injured en route), arriving at Commerce about 1 p. m., going out on duty again at midnight on another extra run. Also, as we have said, he did no actual work in the operation of the train but occupied a seat in a coach as any other passenger. Then, was Brothers, under the construction placed upon such matters by the Supreme Court of the United States, in appellant's employ at the time he was injured, for, in determining whether the federal Employers' Liability Act applies, it is necessary to consider the decisions of that court affecting Brothers' relation to appellant at the time of his injuries, since that rule under the national Constitution is supreme? We conclude he was.

In Lamphere v. Oregon R. & Nav. Co., 196 Fed. 336, 116 C. C. A. 156, it is said, in effect, that there are cases that hold that an employé of a railroad company, while going to and from his work, is not engaged in the service of his master, and those that hold to the contrary, but that, whatever may be the conflict concerning ordinary cases, "there can be no question that he is in the service of his master * * * whenever he is doing that which, under his contract of employment, he is bound to do." In the cited case the plaintiff was an engineer who was on his way, under orders of his superiors, to board a train, which would transport him to another station, at which latter place he would assume his duties as engineer for the defendant company, but while in the company's yards, and before boarding the train to depart for the point where he would assume his duties, he was injured. There was a verdict in the trial court for defendants and writ of error to the United States Circuit Court of Appeals, where the case was reversed and remanded, and for that reason did not reach the Supreme Court of the United States, but the latter court in Pederson v. Delaware Lackawanna & Western Railroad Co., 229 U. S. 146, 33 Sup. Ct. 648, 57 L. Ed. 1125, cites the decision approvingly upon a similar issue, and for that reason is, we think, decisive of the issues in the instant case, since the facts in the Lamphere Case and the instant case cannot be intelligently differentiated.

In the instant case, Brothers went to Texarkana in order to do that which his contract required him to do. Arriving at Ft. Worth, the end of his run, he was directed to return to Commerce and there report for

further duty, which his contract also bound him to do, and for doing which he was compensated. As did Lamphere, he commenced his journey, and was injured while en route, and under the rule stated and the contract of employment it cannot be said that the relation of carrier and passenger existed, even though Brothers was on a passenger train and performing no actual service, since he was there as a servant receiving compensation and entitled to be on the train solely because of his employment. Such is the federal rule. And, when we turn to the cases in our state courts, we find an unbroken and uniform line of cases holding in consonance with the federal rule that employés, while proceeding to and from the place where their tasks are performed, are in the service of the master and entitled to the benefits and charged with the burdens of the law of this state between master and servant. M., K. & T. Ry. Co. of Tex. v. Kentz, 162 S. W. 959, and cases cited. Most of the cases which hold that the servant is in the employ of the master while going to and from his work were constructions originally for the protection of the servant, and proceed upon the theory that going to and from work is an essential ingredient of the servant's contract of employment and incidental to it, and in the use and enjoyment of which he is to be protected by the laws relating to master and servant. In the instant case transportation over appellant's line of railway was the means afforded Brothers for the performance of his service, and it was only because he was the employé of appellant that he was entitled to such right and privilege.

[2] Being, then, of opinion that both appellant and Brothers, at the time the latter was injured, were engaged in interstate business or commerce, it follows that interveners were not entitled to prosecute the suit for damages after his death, in their individual capacities and as next of kin of Brothers, since it is the settled rule, in all cases arising under the federal act, that such suits may be maintained only by the personal representative of the deceased, meaning administrator, executor, etc., notwithstanding the decedent left no estate, and those instituting the suit are all who may, under the law of the forum, recover any such damages. American Railroad Co., etc., v. Ann Elizabeth Birch et al., 224 U. S. 547, 32 Sup. Ct. 603, 56 L. Ed. 879; Rivera v. A., T. & S. F. Ry. Co., 149 S. W. 223; G., C. & S. F. Ry. Co. v. Lester, 149 S. W. 841; Kansas City, M. & O. Ry. Co. v. Pope, 152 S. W. 185; Eastern Ry. Co. of N. M. v. Ellis et al., 153 S. W. 701. Accordingly it becomes our duty to reverse the judgment and remand the case to the lower court for such proceedings as are not inconsistent with the views here expressed; and it is so ordered.

Reversed and remanded.